JOHN JAMIESON *vs.* THOMAS BRUCE.—*June,* 1834.

When a mortgage of personal property contains no agreement that the mortgagor should retain possession until forfeiture, and the mortgagee permitted the property to remain for some time in the possession of the mortgagor, but afterwards and before forfeiture took it away, the mortgagor cannot maintain trespass for such asportation.

Courts of equity consider a mortgage as a mere security for money, but this is not the light in which it is viewed in courts of law. Upon execution of the mortgage the legal estate becomes immediately vested in the mortgagor, and the right of possession follows as a consequence, subject only to the occupancy of the mortgagor, which is only tacitly admitted until the will of the motgagor is determined.

APPEAL from *Prince Georges* county court.

This was an action of trespass, *vi et armis,* for taking and carrying away certain slaves, instituted by the appellant against the appellee, on the third day of February, 1832.

It appeared by the bill of exceptions taken at the trial, that the property had been morgaged by the plaintiff to the

defendant on the 19th August, 1831, with a condition, that the instrument should be void in case the mortgage debt was paid on or before the first day of September, 1832. There was no stipulation in the deed, that the mortgagor should continue in possession of the property until forfeiture; but the proof was, that the defendant (the mortgagee) permitted the negroes to remain in the mortgagor's possession, from the date of the mortgage, until some time in November, 1831, when he took possession of them in the night, in the absence of the mortgagee.

Upon this evidence the plaintiff prayed the court to instruct the jury, that if they should find from the evidence, that the plaintiff remained in the possession of the negroes in question, with the consent of the defendant, from the time of the execution of the mortgage until they were taken from his possession by the defendant; and if they should further find from the testimony, that said negroes were taken from the plaintiff by the defendant, without the plaintiff's knowledge or consent, and without a previous demand; that then such taking made the defendant a trespasser, and that they must find a verdict for the plaintiff. This instruction the court (KEY and DORSEY, A. J's) refused to give. The plaintiff excepted, and the verdict and judgment being against him, he prosecuted the present appeal.

The cause was argued before BUCHANAN, Ch. J., and STEPHEN, ARCHER, and DORSEY, J.

*T. F. Bowie,* for the appellant, contended,

That the taking and carrying away the negroes, in the manner and under the circumstances established by the proof, made the defendant a trespasser, and responsible for damages in the present action. He referred to 11 *Johns. Rep.* 534. *Doug.* 610. 19 *Johns.* 326. 6 *Cowen,* 150. 4 *Kent's Com.* 148, 153, 188. 2 *H. and McH.* 317. 3 *Ib.* 399.

No counsel argued for the appellee.

ARCHER, J., delivered the opinion of the court.

The point in controversy in this cause involves the consideration of the relative rights of mortgagor and mortgagee, before forfeiture, and in a case where the mortgage contains no covenant, or agreement that the mortgagor shall retain possession of the property mortgaged.

The mortgagor seeks to make the mortgagee, obtaining peaceable possession of the mortgaged property before forfeiture, a trespasser.

This is not a case in which there ·is any express covenant, that the mortgagor shall continue in possession until there is a default in payment, nor is it a case in which, by fair inference or necessary implication from the instrument, the conclusion can be drawn, that the mortgagor was quietly to enjoy the mortgaged property, but on the contrary, the the instrument is wholly silent on the subject.   The parties therefore must stand upon their legal rights, according to the terms used in the conveyance.

Courts of equity consider a mortgage as a mere security for money.  But this is not the light in which it is viewed in courts of law, which as Mr. *Justice Bailey* observes, in 1 *Dow. and Ry.* 273, generally know nothing about mortgagor and mortgagee.   They look solely to the estate conveyed by the instrument, and consider the mortgagor in possession, unless under the circumstances above mentioned, as the mortgagee's tenant, and strictly within the definition of a tenant at will; not to be sure, entitled to all the privileges of a tenant at will, or answerable for the burthens of such an estate, but liable to have his possession defeated in the same manner.   Upon the execution of the mortgage the legal estate becomes immediately vested in the mortgagee, and the right of possession follows as a consequence, subject only to the occupancy of the mortgagor, which is only tacitly permitted until the will of the mortgagee is determined. It is said in 1 *Pow. Mortg.* 171, that as soon as an estate in mortgage is created, the mortgagee may enter into posses-

sion, but as the payment of interest is the principal object of the mortgagee, he seldom avails himself of that right, unless obliged so to do to secure the payment of the interest, or with a view to compel the repayment of the money. This right of possession is always subject to any agreements which may be made in relation thereto, and mortgages do generally contain clauses, giving the right of possession as against the mortgagee until forfeiture; but where the parties are entirely silent as it regards the possession, the right thereto follows the legal estate, and vests in the mortgagee.

The above doctrine appears also generally to correspond with the decisions in the different states, although there is certainly some conflict of authority.

It is said in 2 *Mass. Rep.* 43, that after the creation of the estate upon condition, the mortgagee has presently the same right to enter *in pais* and take the profits, or by judgment and execution in a writ of entry, that he would have if the estate were absolute, subject to account for the profits if the mortgagor perform the condition, or redeem. In *New Hampshire*, *Maine* and *Pennsylvania*, the same doctrines appear to prevail; and in 4 *Rand.* 248, it is said, that a mortgagee is entitled to an estate as tenant in fee, or for a term of years, as the case may be, or to an absolute estate in personal property, as regards the title, subject to any agreement as to possession, and defeasible at law by the performance of the condition.

In *New York* a different doctrine prevails, and a mortgagor may there maintain trespass against a mortgagee. Even the action of ejectment by a mortgagee is abolished, and the mortgagee is driven to rely upon a special contract for possession, if he wishes it, or to the remedy by foreclosure and sale.

Upon the whole, although there may be cases in which a court of law, as well as a court as equity, would treat the mortgagor as the substantial owner of the estate, yet we are satisfied, that unless there be some agreement between

the parties, the mortgagee is entitled to possession when he chooses to exercise the right.

This privilege appears to be essential to the protection of the property mortgaged, and without such right the security would in many cases be entirely fruitless.

JUDGMENT AFFIRMED.