SIMON LEIGHTON, USE OF KELLY, BALL AND CO., *vs.* WM. P. PRESTON AND HYATT P. HEPBURN.—*December* 1850.

Certain goods were mortgaged by the owners, to the plaintiff, to secure a debt due from the former to the latter. The mortgagors afterwards conveyed the same goods to the defendants, in trust to sell and distribute the proceeds among the creditors of the grantors. The defendants under this deed of trust, sold the goods, and received the proceeds. HELD:

That in making this sale the defendants committed a tort, for which they would be answerable in damages, to the plaintiff, who could either sue for the tort, or waive it and claim the proceeds, to satisfy his mortgage debt, in an action for money had and received.

Where a mortgage contains no covenant, that the mortgagor shall remain in possession until forfeiture, the mortgagee is to be deemed the owner of the property.

On the day after the sale, the mortgagee executed an assignment of his interest in the mortgage, to a third party. HELD, that this did not give to the assignee a right to sue, in an action of assumpsit, in his own name: this action must be instituted in the name of the mortgagee, the party by whose authority the sale, to be a legal one, must have been made at the time it was made.

APPEAL from *Baltimore* county court.

This was an action of *assumpsit* brought by *Leighton* the legal plaintiff, for the use of *Kelly, Ball* and *Ricards*, against the appellees. The *nar* contains a count for goods sold and delivered, the common money counts and a count on an *insimul computassent*. The plea was *non assumpsit*.

The facts of the case embodied in the exception are as follows: On the 21st of January 1845, the firm of *Rosenthall* and *Mosher*, mortgaged to the legal plaintiff, *Leighton*, certain goods to secure a debt of $330, for which they passed him a promissory note, dated the same day with the mortgage, and payable in sixty days. This mortgage contained no stipulation that the mortgagor should remain in possession until forfeiture. On the 25th of January 1845, the same firm executed to the defendants, the appellees, a deed of all their property real and personal, in trust to sell the same, and pay, 1st, expenses of the trust, a commission of 10 per cent. to the trustees; and 2nd, to distribute the residue equally among the creditors of the firm. The defendants under this deed took possession, and on the 7th of

February 1845, sold the goods covered by the mortgage. On the 8th of February 1845, *Leighton,* the mortgagee, assigned the mortgage to the *cestui que uses, Kelly, Ball and Ricards.* This assignment recites, that *Leighton* for a valuable consideration, has transferred the promissory note to said *Kelly, Ball and Ricards,* and in order to give them the full benefit of the security under said mortgage, has agreed to execute this assignment.

Upon these facts the defendants prayed the court to instruct the jury, that if they find from the evidence, that the note recited in the mortgage, was, on or before the 8th of February 1845, transferred by *Leighton,* for value received, to *Kelly, Ball & Co.,* and that said mortgage was *also* transferred fairly and *bona fide,* and for value received, by *Leighton* to said *Kelly, Ball & Co.,* by assignment dated 8th of February 1845, and shall further find that said assignment was executed, acknowledged, delivered and recorded, on the day of its date, then the plaintiff is not entitled to recover in this case.

The plaintiff then offered *four* prayers.

1st. That if the jury shall believe that the said mortgage, was executed and delivered *bona fide,* on the 21st January 1845, to the plaintiff, and that it was duly recorded on the 3rd February 1845, and that defendants took possession of and sold the goods covered by the mortgage, as stated above, then the plaintiff is entitled to recover in this action, so much as the jury shall believe is sufficient to pay the debt of the plaintiff, secured by the mortgage.

2nd. That the promissory note mentioned in said mortgage, is not the cause of action in this suit.

3rd. That the transfer of the said promissory note mentioned in the plaintiff's 2nd prayer, to *Kelly, Ball and Co.,* as stated in the assignment of the mortgage, dated 8th February 1845, did not carry with it the *legal* title in the mortgaged property.

4th. That the assignment of the mortgage from *Leighton* to *Kelly, Ball & Co.,* did not operate as a special endorsement of the said note to the said *Kelly, Ball & Co.,* but only as a transfer of the debt, intended to be secured by said note.

The court (LE GRAND, A. J.,) granted the prayer of the defendants, and the second prayer of the plaintiff, but rejected the *first*, *third* and *fourth* prayers of the plaintiff, to which granting of the prayer of defendants, and refusal to grant said prayers of the plaintiff, the latter excepted, and the verdict and judgment being against him, he appealed to this court.

The cause was argued before SPENCE, MAGRUDER, MARTIN and FRICK, J.

By GWINN and CAMPBELL, for the appellant, and
By PRESTON and BRENT, for the appellees.

MAGRUDER, J., delivered the opinion of this court.

The appellant claims in this suit a sum of money, which he alleges was received by the appellee for his use.

The facts may be given in a few words. Goods were conveyed, by the owners of them, to the appellant, in order to secure the payment of a sum of money due from the former to the latter. Subsequently to the date of this deed, the same persons conveyed them to the appellees, who made sale of them on the 7th February 1845, and received the purchase money.

In making this sale the appellees committed a tort, for which damages might be recovered. But the party who could have sued for the tort, might waive it, and claim the proceeds of sale, or a part thereof, in an action for money had and received.

According to the decision of this court in the case of *Jamieson vs. Bruce*, 6 *G. & J.*, 72, the appellant is to be deemed the owner of the property conveyed to him, and his right to institute this suit could not be controverted, if there existed no other fact in the case. It seems though, that on the 8th September, (the day subsequent to the sale of the goods by the appellees,) the appellant, himself, executed a deed, thereby designing to assign to the persons, for whose use this suit was brought, his interest in the deed of mortgage, and because of the execution of this instrument it is insisted, that this suit ought to have been instituted in the name of the *cestui que use*, instead of the appellant. This is the material question upon this appeal.

It is thought that the court below erred, in instructing the jury, at the instance of the defendant, that upon this statement the action could not be sustained.

The suit might have been instituted for the conversion of the property, or for money had and received. The latter was preferred. The defendant, then, is to be regarded as a person duly authorised to sell, and to receive the proceeds of sale. For whose use did he receive them? Surely for the use of the person, who, at the time, was the owner of the goods, and who alone could then authorise him to make the sale. But the *cestui que use*, it is said, is, by virtue of the assignment, entitled to the money, (or a part of it,) for which the goods were sold. This is true, but then if compelled to sue for it, he must make use of the name of the assignor, as he cannot allege that this money was received for his use, when, at the time it was paid to the defendant, the *cestui que use* had no interest in the goods.

If this action for money had and received, can be brought at all in this case, (and this is not doubted,) then the legal plaintiff must necessarily be the person in whose name, though for the use of another, it is to be prosecuted. The sale is to be considered as made by authority derived from him; the money was received, at the time it was paid, for his use; and though he has since assigned all interest in the debt, and the property to secure that debt, yet this assignment did not give to the assignee a right to sue in his own name.

If instead of an action for money had and received, it had been thought proper to bring an action of trover for the conversion of these goods, that action must have been brought in the name of the person who was the owner of the goods at the time of the conversion; and so the action which was preferred, must be instituted in the name of the person by whose authority the sale, to be a legal one, must have been made at the time it was made: although if the sale had not been made until after the assignment, the suit could not have been instituted in the name of *Leighton*.

In deciding this question, we cannot antedate the assign-

ment, nor *post-date* the sale and receipt of the purchase money. On the day of the receipt of the money, the appellant had a *chose in action*, which he is permitted to assign.

So, too, notwithstanding the *tort*, if the plaintiff chooses to sue for money had and received, neither party can allege that, the legal plaintiff on the day after the sale, could, by deed, transfer the legal title to the goods; as neither can say, that on that day the legal plaintiff had not parted with his title to the goods. This would deny the plaintiff's right to waive the *tort*, and affirm the sale, made on the 7th September.

The defendant being the mortgagee of the equity of redemption, is entitled to the money, provided he satisfied the mortgage. It is to recover the amount due on this mortgage, that this action is brought; and it cannot be said that the assignment of a later date, was such an assignment as required the assignee to institute the suit in his own name.

The court below erred in granting the prayer of the defendant, and in rejecting the first prayer of the plaintiff.

With respect to the third and fourth prayers of the plaintiff, we do not discover that they were warranted by the testimony, and for this reason we affirm them.

In refusing to give the first instruction prayed by plaintiff, and in granting the prayer of defendant, the court erred.

The rest affirmed.

JUDGMENT REVERSED, AND<br>PROCEDENDO AWARDED.