FREDERICK E. B. HINTZE *vs.* JANE THOMAS, Adm'x *d. b. n.* of HENRY PETERS.

A suit *at law* cannot be maintained against the assignee of a lessee *after* he has assigned over, for rent falling due subsequent to the assignment to him and before the assignment over, the remedy of the lessor in such case being in equity alone.

The liability of the assignee at law continues only so long as the privity of estate continues, and when he makes an assignment, this privity, so far as regards himself, is determined and is transferred to the new assignee.

The doctrine of estoppel, as between landlord and tenant, does prevent the assignee of the lessee, who has assigned over, from denying the right of the lessor to sue him at law.

APPEAL from Baltimore county court.

*Covenant* by the appellee against the appellant; for ground-rent due under a lease. The suit was instituted on the 25th of August 1845. Plea *nil debet,* with an agreement to waive errors in pleading.

The case was submitted to the court below upon an agreed statement of facts, from which it appears, that Margaret Moore, being lessee of the premises, under a lease for ninety-nine years, commencing the 2nd of November 1792, executed, on the 7th of May 1836, a lease of the same to Peter R. Blumb, for ninety-nine years from that date, at a yearly rent of $24.62, payable semi-annually, and on the 18th of February 1837, sold and conveyed her interest in the premises, subject to this lease, to Henry Peters. On the 29th of April, Blumb assigned his term to Hintze, by way of mortgage, which contained a covenant that the mortgagor should remain in possession until default, to wit, until the 29th of April 1838. Blumb remained in possession and paid the ground-rent to Peters up to the 1st of March 1838, after which he made no further payment: the mortgage was forfeited, and by the terms thereof Hintze became the absolute assignee at law, but never paid any rent for the premises, and refused to do so, and on the 8th of November 1844, assigned his interest to McElderry. The suit was for rent which fell due after the assignment to Hintze, and before he assigned to McElderry. The court were to have the

privilege of drawing inferences of fact as a jury might, and either party to have the right of appeal. Upon this statement of facts, the court gave judgment in favor of the plaintiff for $232.02, and the defendant appealed.

The cause was argued before Eccleston, Tuck and Mason, J.

*David Stewart* and *T. Yates Walsh* for the appellant, argued:

1st. Mrs. Moore, by her lease to Blumb, professed to convey a larger estate than she herself had in the premises. This left her without any *reversion,* and she could, of course, transfer none to Peters, who therefore could not sue upon the covenants in Blumb's lease. The statute of 32 *Henry,* 8, enables only the assignee of the *reversion* to sue, and so strict is the construction of this statute, that the assignee of an *equitable* reversion cannot sue. 29 *Eng. C. L. Rep.,* 375, *Whitton vs. Peacock.*

The lessor must continue to have the *same* reversion which he had at the execution of the lease; for if he changes it, the covenants are gone. 3 *Term Rep.,* 393, *Webb vs. Russel.* 8 *Gill,* 294, *Wahl vs. Barroll & Spence.* Act of 1849, *ch.* 260. Mrs. Moore, herself, could never have sued Hintze, though she might have sued Blumb, by reason of the *personal* contract in his lease, there being a clear distinction between *privity of estate* and privity of contract. *Platt on Cov.,* 489, in 3 *Law Lib.,* 218. From *Spencer's case,* 5 *Rep.,* 16, it has never been doubted that *privity of estate* is the sole ground which enables a lessor to sue the *assignee* of a lease upon the covenants in the lease. This point was discussed in *Wakefield vs. Brown,* 58 *Eng. C. L. Rep.,* 209, where it was held, that reversion in one of three lessors is sufficient, but still *reversion is necessary.* Even this doctrine is received doubtingly by the court in *Magnay vs. Edwards,* 20 *Law & Eq. Rep.,* 264, but it will suffice for the appellant here. There must be reversion *somewhere.* 58 *Eng. C. L. Rep.,* 1033, *Pollock vs. Stacy.*

2nd. But conceding, *argumenti gratia*, we were liable on the covenants in Blumb's lease, yet we insist, that having parted with our interest, remedy can only be obtained against us in a court of equity. *Platt on Cov.*, 495, in 3 *Law. Lib.*, 221, and authorities there collected. *Crabb on Real Property*, 207, in 54 *Law Lib.*, 155. The whole *current* of authorities support these elementary writers. The only decision the other way is that of *Lord Abinger*, in *Harley vs. King*, 2 *Cromp., Mees. & Ros.*, 18, which is a sleepy decision, and upon its face shows that it has no title to respect.

*Wm. B. Perine* for the appellee, argued:

1st. The agreement to waive errors in pleading precludes the appellant from setting up the objection that we could not sue, but suppose he has the right to make this objection, still he is *estopped* from doing so, because he is the *assignee* of a *lessee*, and if the latter cannot set up the defence, he cannot, because he cannot dispute the title of his lessor. The deed from Mrs. Moore to Blumb is a lease, because it reserves rent, and is so to be construed, though Mrs. Moore may have been but a lessee, (27 *Eng. C. L. Rep.*, 292, *Baker vs. Gostling*,) and this being so, the appellant is estopped from disputing the title of his grantor, (2 *Taunt.*, 278, *Taylor vs. Needham*. 4 *Pet.*, 82, *Carver vs. Jackson*. 2 *G. & J.*, 184, *Gwynn vs. Jones*,) and, therefore, from denying that we have the reversion.

2nd. The covenant in the lease to pay rent runs with the land, and binds the lessee, his executors, administrators and *assigns*. Hintze therefore took subject to all the covenants of the lessee: there is then a *privity of estate* between the parties, and he cannot take the estate, except bound by the covenants. 3 *Coke Rep.*, 29, *Spencer's case*. 1 *Dallas*, 210, *Pollard vs. Shaaffer*. 1 *Browne*, 221, *Sandwith vs. De Silver*. 8 *Gill*, 294, *Wahl vs. Barroll & Spence*. 7 *Eng. C. L. Rep.*, 1, *Vernon vs. Smith*. 4 *H. & McH.*, 218, *Harrison vs. Steele*. That a mortgagee is an assignee at law, is settled by the cases of *Jamieson vs. Bruce*, 6 *G. & J.*, 74, and *Evans vs. Merriken*, 8 *G. & J.*, 46.

3rd. As such assignee, he is liable *with or without entry* in this action of covenant, for the rent which accrued from the date of the mortgage to him, and *a fortiori* from the date of the forfeiture of the mortgage up to that of his assignment over. But it is said Hintze's interest has terminated by the assignment over of his mortgage. According to this doctrine, a party may go into possession of property, drain it of its profits, and then, in fraud, assign over to a pauper, and escape payment of the rent. But such is not the true doctrine: the right to sue *vests*, and the responsibility remains, notwithstanding the assignment, and though the privity of estate be gone. 2 *Bac. Abr.*, 566, *Covenant E. Harley vs. King*, 2 *Cromp., Mees. & Ros.*, 22, is the very case at bar. It has been called a sleepy decision, but if there be a court in England against which such an imputation would be unjustly cast, it is the *Exchequer court*, in which this decision was made. If *Mr. Platt* is right, then *Bacon* is wrong, and *Lord Abinger* is wrong. But *Mr. Platt* is clearly in error: the idea that you must go into equity, originated in the supposition that a party was not responsible *without entry*, which is erroneous.

ECCLESTON, J., delivered the opinion of this court.

This is an action of covenant for rent alleged to be due under a lease from Margaret Moore to Peter R. Blumb, for ninety-nine years, bearing date the 7th of May 1836, which lease was assigned to H. Peters, on the 18th of February 1837, by Mrs. Moore. When she executed this lease her only title to the premises was as lessee under a lease for ninety-nine years, commencing on the 2nd of November, 1792. The rent in controversy fell due after the assignment by Mrs. Moore to Peters.

This claim has been resisted upon the ground that as the lease or conveyance from Mrs. Moore to Blumb, professed to convey a larger estate in the premises than she was actually entitled to, no reversion was left in her, and therefore none was transferred by the assignment which she made to Peters, who, for want of a reversion in him, could not maintain this action, if living, and of course his representative cannot.

It is unnecessary to decide whether the appellant's views on this point are correct or not, because another objection to the present right of action must settle the case adversely to the plaintiff.

The claim is against Hintze, as assignee of Blumb, for rent falling due after the assignment to Hintze, and before he assigned to McElderry. It is contended, that as the suit was instituted after the assignment by Hintze, it cannot be maintained. The remedy, if any, is not at law, but in equity.

This subject has been examined with much care and ability in *Platt on Cov.*, from *page* 495 to 503, in 4 *Law Lib.*, and his argument is designed to establish the position assumed in the present defence. He commences the argument by stating that the privity of estate, which exists between the lessor and the assignee, during the occupancy of the latter, is the principle which gives to the former the remedy by covenant; and that by getting rid of the estate, the assignee determines the privity as far as regards himself, and transfers it to the new assignee. From this he draws the inference, that if the privity, on which alone the liability is based, is destroyed, the dependent liability of the assignee must cease. The defeasance of the principal, he thinks, will operate as a defeasance of the accessary. This writer also thinks, that in addition to the argument resting upon the principle on which is founded the right to maintain covenant against the assignee, the authorities are consistent with his view of the subject. He then makes reference to the rule that equity will seldom grant relief where means of redress can be had at law; from which it is assumed that if suits in equity, instituted for the purpose of compelling an assignee, after he has made an assignment, to pay rent accruing during his possession, have frequently been sustained, it may be fairly inferred that the court of chancery sanctioned such proceedings because there was no remedy at law. After which, cases are examined, showing that relief had been granted in equity, and in some instances the right to sue at law had been denied. And from the authorities referred to, *Mr. Platt* insists, it is evident that some of the greatest English judges, for a period approaching to a century and a half, were directly

hostile to the right of action, in a court of law, against an assignee, under such circumstances.

In *Harley vs. King*, 2 *Crompt., Mees. & Ros.* 18, it was decided, that an assignment over, before suit brought, would not defeat or prevent a recovery in an action of covenant, against the intermediate assignee, for the breach of a covenant to repair occurring between the time of the assignment to him and the date of the one from him. But, in the later case of *Fugg vs. Dobie*, 3 *You. & Col.*, 96, the doctrine contended for in *Platt on Cov.*, was sustained. There the proceeding was in equity in the Exchequer. No lease had been actually made but an agreement for a lease for sixty-one years, and possession taken under it. The tenant assigned to B., who assigned to C., and the suit was against B. At *page* 103, *Baron Alderson* says: "An assignee of a term is liable to the covenants only by reason of his privity of estate." And he maintains that the law which imposes this liability will only continue it so long as the privity of estate continues; so that any real assignment puts an end to it.

In reference to a question, whether the assignment was fraudulent, in consequence of being made to a man in poverty, the court held, that if the assignment was real, the party not retaining in himself the beneficial possession, it was not a fraudulent act. And that the motive which influenced one in parting with, or the motive of the other for receiving it, did not render it fraudulent, if the act was designed really to operate as it appeared to do. It is then said by *Baron Alderson:* "The decisions, both at law and in equity, concur in this point. But though this be so, yet equity will give relief as to antecedent rent due, or antecedent breaches of covenant committed at the time the party was liable for them, although by his subsequent assignment the remedy at law is gone." Taking this case in connection with *Mr. Platt's* argument, and the cases referred to by him, we think, notwithstanding the decision in *Harley vs. King*, that the present action cannot be maintained. There is an agreement that errors in pleading shall be waived, and the facts are set forth in a statement.

The plaintiff's counsel relied upon the doctrine of estoppel,

but we understood him as urging it against the first ground of defence.  If, however, he meant to apply it to the second also, we do not think it available against such a defence in a case like the present.  *Paul vs. Nurse,* 8 *Barn. & Cres.,* 486. *Brudnel vs. Roberts,* 2 *Wilson,* 143.

> Judgment reversed, and
> judgment for defendant.