# JAMES M. LESTER *v.* RICHARD S. HARDESTY.

## *Decided June 9th, 1868.*

LEASEHOLD INTERESTS ; MORTGAGES OF ; ASSIGNMENTS ; FAILURE TO RECORD ; NO TITLE IN ASSIGNEE ; LIABILITY FOR TAXES. *Procedendo.*

The failure of the assignee of a mortgage of leasehold property to have the assignment recorded, does not give the mortgagee a legal cause of action against the assignee.     p. 53

Where the assignment of a mortgage of a term for more than seven years, is not recorded, it is invalid to pass the legal title, and the assignee is not bound to pay the rent and taxes, which had accrued and

become due under the covenants in the lease, after the making of the assignment. (a)                                                        p. 54
   The legal obligation upon the covenant in a lease to pay the taxes, runs with the land, and binds the party holding the legal estate. (b)
                                                                      p. 54
   A *procedendo* will not be awarded in a case where the judgment of the Circuit Court against the plaintiff, for the want of a legal cause of action, is affirmed upon demurrer. (c)                             p. 55

   Appeal from the Superior Court of Baltimore City :
   The owners in fee of a lot in Baltimore City, leased the same for ninety-nine years to Arthur Carter and his assigns, subject to the payment of certain rent and taxes in said lease reserved. Carter assigned his term to William Pratt, who mortgaged the same to the appellant, who on the 25th of December, 1856, assigned the mortgage to the appellee, who *failed to have the same recorded according to the provision of the registry law. The mortgage was not paid when the same became due. The owner of the fee sued the appellant for the rent and taxes reserved under the lease, and which had become due and payable, and obtained a judgment therefor, which was paid. The causes of action as set forth in the *nar.*, were the failure of the appellee to have the assignment of the mortgage recorded, and also the failure to pay the rent and taxes which accrued and became due under the covenants in the lease, after the making of the assignment. This action was brought to recover from the appellee the amount of the rent and taxes which the appellant was compelled to pay, together with his costs and charges in resisting the same. The defendant demurred to the declaration, and judgment was rendered upon the demurrer. From this judgment the present appeal was taken.

---

   (a)   Approved in *Nickel v. Brown*, 75 Md. 185.
   (b)   Cited in *Donelson v. Polk*, 64 Md. 504; *Worthington v. Cook*, 52 Md. 309. A covenant in a mortgage to pay the mortgage debt is not one running with the land; *Glenn v. Canby*, 24 Md. 127.
   (c)   Cf. note (d) to *Kennerly v. Wilson*, 2 Md. 246. A *procedendo* will not be granted, where the damages that might be recovered are only nominal; see *Rawlings v. Adams*, 7 Md. 27-28, note (d). Nor merely for the purpose of letting in new evidence; *McCann v. Sloan*, 26 Md. 81; *Archer v. State*, 74 Md. 442. As for a *procedendo* where the judgment is affirmed, see *Creager v. Hooper*, 83 Md. 490.

The cause was argued before Bartol, C. J., Stewart, Brent, Miller and Alvey, JJ.

*John S. Tyson*, for the appellant :

After the forfeiture of the mortgage, the mortgagee became liable, under the covenants of the lease, for payment of rent and taxes. Had the assignment of the mortgage been recorded, this liability would have fallen on the assignee, and the mortgagee would have been relieved from it. The assignment not having been recorded, was invalid as against third parties. No act in *pais* short of a deed duly executed, acknowledged and recorded, can transfer an interest in a term for more than seven years. *Mayhew v. Hardesty*, 8 Md. 479.

The neglect to record the assignment, is not the whole cause of action. That neglect, together with the neglect to pay the rent and taxes, are stated to be the two neglects by which the damage accrued. It could not have accrued from either neglect alone, but only from the concurrence of both. The performance of either duty would have saved the plain- tiff harmless. To sustain the declaration, it is only necessary *to show that the defendant was under a legal obligation **52** in respect to either duty.

The defendant was bound to place the deed on record within six months. Act of 1856, ch. 154. This duty created by statute necessarily devolves *on the grantee*, because delivery is essential to the validity of a deed. *Carey v. Dennis*, 13 Md. 1. And it must necessarily be delivered to the grantee to be recorded. *Coggs v. Bernard*, Smith Lead. Ca. 82, 96; *Sayles v. Blane*, 14 Q. B. 265; *Wynne v. Price*, 3 De Gex & Sm. 310; *Humble v. Langston*, 7 M. & W. 528; *Shaw v. Fisher*, 2 De Gex & Sm. 11.

" Where, from a given state of facts, the law raises an obligation to do a particular act, and there is a breach of that obligation, and consequential damages," an action on the case will lie. *Burnett v. Lynch*, 5 B. & C. 609. Here there is an obligation upon the defendant to have the assignment recorded, a breach of that obligation and consequential damages. Hence the right of action is independent of the consideration as to any abstract *legal duty in the defendant* to pay the rent and taxes.

But it was the duty of the defendant to pay the rent and taxes.

From his acceptance of the assignment, a contract on his part will be implied, to accept its burdens as well as its benefits, or at least to relieve the plaintiff of the future burdens of the leasehold interest.

A lessee may maintain an action on the case against his assignee for having neglected to perform the covenants to pay rent and taxes, whereby the lessee was compelled to pay the same. There is a duty on the part of the assignee to perform the covenants. *Burnett v. Lynch,* 5 B. & C. 589; *Taylor v. Zamira,* 6 Taunt. 524; *Dawson v. Linton,* 5 B. & Ald. 521; *Lampleigh v. Brathwait,* 1 Smith Lead. Ca. 74. The defendant was liable in equity for the payment, and an equitable liability is sufficient.      Comyn on Contracts, 403; *Hutton v. Eyre,* 6 Taunt. 289.

**53**      *George H. Williams,* for the appellee :

No provision exists by law for recording assignments of mortgages, certainly none requiring positively the holder to lodge them for record ; the object of the registration of deeds of any kind, is to protect the holder of the title thereunder by the constructive notice of his rights, but if the holder of the title do not choose to acquire such protection for it, there is no law obliging him so to protect himself. The following authorities were referred to in the argument : *Turner v. Egerton,* 1 G. & J. 433; *Baltimore v. Hughes,* 1 G. & J. 497; *Hintze v. Thomas,* 7 Md. 346; *Mayhew v. Hardesty,* 8 Md. 479.

Bartol, C. J., delivered the opinion of the court :

The questions to be decided on this appeal arise upon the demurrer to the first count of the declaration. One difficulty we have had in deciding the case has grown out of the ambiguity in the averments of the declaration, and the consequent difficulty in placing upon them a correct construction.

The demurrer in assigning special ground of objection, treats the cause of action assigned in the *nar.* as if it were simply the failure and neglect of the defendant to have the assignment of the mortgage recorded. If that were the only cause

of action alleged, we should have had no hesitation in affirming the judgment upon the demurrer, as a majority of this court are of opinion that there was no obligation upon the defendant to place the assignment upon record which could be enforced in a Court of Law, or on which this action could be maintained.

It was altogether a voluntary act with the defendant to place the deed of assignment on record, or refrain from doing so at his discretion ; the consequences of his failure or omission in that respect would fall upon himself. If the plaintiff had an interest in having the deed recorded, he might have secured himself by taking a covenant or promise from the defendant to place the instrument upon record ; but in the absence of any such covenant or promise, no right of action *accrued to him **54** on account of the omission of the defendant in that respect.

It appears, however, that another cause of action stated in the *nar.* is the failure and neglect of the defendant to pay the rent and taxes which accrued and became due under the covenants in the lease, after the making of the assignment. And the object of the suit is to recover the amount of such rent and taxes, which the plaintiff was compelled to pay. The right to maintain the action for this cause depends upon the solution of the question whether upon the facts averred, the legal obligation to pay them was cast upon the defendant, and this leads us to the inquiry whether assuming the averments in the declaration to be true, the legal estate in the term ever passed to the defendant. By the decisions of this court in *Hintze v. Thomas*, 7 Md. 346, and *Mayhew v. Hardesty*, 8 Md. 479, it has been settled that the legal obligations upon such covenants in a lease run with the land, and bind the party holding the legal estate.

Under the provisions of the Act of 1856, ch. 154, which was in force at the time of the alleged assignment in this case, such an instrument was declared *to be invalid for the purpose of passing title either between the parties thereto or third persons, unless acknowledged and recorded as therein directed.* Secs. 97, 102, 111, 114. The Act, by secs. 116, 177, provides for an assignment of a mortgage to be endorsed on the original mortgage, and gives it validity without requiring it to be recorded. But where the assignment is made, as in this case, by a separate

instrument, it does not fall within secs. 116, 117. But being a deed conveying lands, it comes within the other provisions of the Act to which we have referred, and was not valid to pass the legal title even between the parties. By the subsequent legislation of the State (Art. 24, sec. 29 of the Code,) full validity, as between the parties, is given to a deed conveying lands, if recorded at any time, in the same manner as if it had been recorded within the time prescribed by law. The effect of *this provision might have been to entitle the plaintiff to maintain this suit, if the declaration had averred that the deed of assignment had been in fact recorded before the action was brought. But no such averment is contained in the *nar.*, nor can it be inferred, from any thing alleged, that the deed of assignment ever was recorded. In this state of the pleading, a majority of this court is of opinion that no valid cause of action is stated in the *nar.*, and that the demurrer was properly sustained ; the judgment of the Superior Court must therefore be affirmed. This case does not come within the Code, Art. 5, sec. 16, or within the principle of *Kennerly v. Wilson*, 2 Md. 245, and is not a case in which a *procedendo* can properly be issued. Here the record does not disclose any legal cause of action, and this court cannot assume, in the absence of sufficient averments, that any good cause of action exists. See *Watchman v. Crook*, 5 G. & J. 239; *Kilgour v. Miles*, 6 G. & J. 268.

*Judgment affirmed.*

Stewart, J., delivered the following dissenting opinion :

Under our system of pleading, no special demurrer being permitted in any civil suit, the demurrer filed in this case must be treated as a general one; which, conceding the truth of all the material averments, in the first count of the declaration, the second having been withdrawn, presents the question, whether they make out a sufficient cause of action. The recital of the fact that the defendant did not record the deed of assignment, for the space of seven years, seems to have been relied upon by the plaintiff in the said count as a valid cause of action, *per se,* and is treated accordingly by the specification in the demurrer of the defendant. But all the averments in their entire bearing and legal competency to enable the plaintiff to

maintain his suit, must be considered, and not merely the isolated statement of the non-recording of the deed, which is but a constituent part thereof.

*The substantial ground of complaint to be deduced **56** from the transaction between the parties as detailed in the entire count, I take to be the alleged neglect of the defendant to pay the rents and taxes, which it alleges he ought to have paid, but which the plaintiff was compelled to pay by reason of his neglect. If these rents and taxes had been paid by the defendant, whether the deed was recorded or not, the plaintiff would have had no cause of complaint. If the deed of assignment had been recorded in due time, the privity of estate existing between the lessor and the plaintiff would have been determined between them, and the defendant, as assignee, whilst he held the term, would have been liable for the payment of the rents and taxes to the lessor under the real covenants in the lease and not the plaintiff. *Hintze v. Thomas,* 7 Md. 346 ; *Mayhew v. Hardesty,* 8 Md. 479. The deed of assignment from Lester to Hardesty, although not recorded for seven years, during which the rents and taxes accrued, yet, when it was recorded, as between these parties, passed the title as if recorded in the time prescribed. Code, Art. 24, sec. 19.

Under our registry laws, then and now existing, although a mortgage is required to be recorded, it was not necessary that the assignment of a mortgage should be, when made, in the mode prescribed, by endorsement on the original. When the assignment is made by an independent instrument, as stated in this instance, recording is necessary to give it full effect. From the nature of the transaction between the parties, the deed from Lester, when delivered to Hardesty, ought in good faith, to have been placed by Hardesty in proper custody for record, according to the requirements of the law. Omitting to do so, he failed in the performance of his duty to Lester, and became answerable for any damage consequent upon such neglect. If no one but himself was interested in the recording of the deed, and he alone was to suffer loss by his neglect in this regard, he might have been permitted to indulge his own will. According to my apprehension of the *dealings between the parties, **57** it was clearly incumbent on Hardesty, in order, *bona fide,* to carry out the contract, to have had this deed recorded in the

time prescribed by law, and his neglect to do so is good cause of action.

In addition to this, the deed having been recorded before the institution of this suit, Hardesty was legally bound to pay the rents and taxes complained of, which had accrued after the assignment to him, and so long as he held the term, and they may be recovered by the plaintiff in this action by proper proofs, under the first or second count of the declaration.

The incidental statement in the *nar.*, as to the time when the deed was recorded is a mere recital, and not a distinct averment; but from its tenor and purport, the deduction may be fairly made, that it was recorded before the commencement of this suit.

If, in fact, it had not been recorded, the defendant could have made that defense by suitable plea. Whether the plaintiff might have been able to support the allegations of his *nar.*, by competent and admissible proof, if denied by the defendant under a different state of the pleadings, is not for this court to determine.

The second count, by agreement of the parties, was withdrawn, with leave to reinstate it, in the event of the case being sent back from this court.

The Code, Art. 5, sec. 16, by its general and comprehensive terms, has removed all doubts existing under antecedent legislation, as to the power of this court to send back cases for new trial, upon affirmance or reversal of the judgment below. The Acts of 1790, ch. 42, 1826, ch. 200, and 1830, ch. 186, manifested a clear legislative design, to give to the appellate court more extended control over cases brought up on appeal, in order to advance the great ends of justice. This authority has been still further enlarged by the provision of the Code, adverted to, so as to embrace all cases where it shall appear to the court, that a

**58**   *new trial below should be had. The absolute affirmance of the judgment below in this case, denies any opportunity to the plaintiff to recover what appears from the record, according to my judgment, to be a meritorious claim ; and permits the defendant to evade a proper responsibility.

Armed, as this court has been by the law, with the amplest powers to advance the purposes of justice, it seems to me, the judgment of the court below ought to be reversed ; and under the circumstances of this case, in any event, it should be sent back under a *procedendo* for a new trial.