(Decided 19th June, 1883.)

MARGARET E. L. ABRAHAMS and WOODWARD ABRAHAMS, her husband *vs.* CAROLINE TAPPE and JOHN W. H. FRY, Trustees.

*Lessor and lessee—Clause of re-entry for non-payment of rent— Effect of such re-entry upon a Mortgage of the leasehold estate—Injunction—Construction of section 15, of Article 64, of the Code of Pub. Gen. Laws—Mortgages in Baltimore City—Husband and wife—Section 4, of Article 45, of the Code.*

A lease from F. L. S. to G. F. contained the following proviso : " And provided further, that if the said rent shall be in arrear for one year, then the said F. L. S. his heirs or assigns, may re-enter upon the premises hereby demised, and hold the same as if this lease had never been made." An assignee of the leasehold interest mortgaged the same, and subsequently abandoned the property as worthless. The rent having been eighteen months in arrear, the then owner of the reversion instituted proceedings in ejectment against the original lessee only, and under a writ of *habere facias possessionem* was placed in actual possession of the property, and paid the taxes and erected buildings thereon. On a bill filed by her *and her husband* to restrain a sale under a decree obtained by the mortgagee of the leasehold interest, it was HELD :

1st. That even if the leasehold interest conveyed by the mortgage could be regarded as still subsisting, and the mortgage conse-

quently of some virtue as against the same, the preliminary injunction granted should have been continued until an adjustment was had between the mortgagee and the complainant, as to the claims of the latter for rent in arrear and the taxes paid by her.

2nd. That the fact too that the only real value attaching to the leasehold interest, supposing it still to exist, was from the houses erected by the complainant after she took possession of the lot, and that these improvements were made in good faith, would be a further ground for continuing the injunction until such adjustment.

3rd. That the well grounded apprehension of a cloud upon the complainant's title, under the circumstances, should the trustees under the decree be permitted to sell, was an additional reason for the interposition of the injunction.

4th. That sec. 15, of Art. 64, of the Code of Public General Laws, relates by its own terms to sales of mortgaged premises made under that particular Article ; and is not applicable to decrees of sale passed upon mortgages framed with reference to the special provisions of the Local Laws of Baltimore City.

5th. That the mortgagee of the leasehold interest took it subject to all the conditions and covenants of the lease; and her failure to pay the rent, and keep the taxes paid up, was equally a default in her as in the original lessee.

6th. That the rent having been allowed to remain unpaid for more than one year, and the landlord having by reason of that default, and in the assertion of her right as landlord, secured an actual and peaceable repossession of the premises, which in fact she found deserted, the lease became absolutely forfeited, and the mortgage, so far as it affected the premises, fell with it.

7th. That the actual re-entry of the landlord, following the perfected right to re-enter, worked the forfeiture of the lease, and whatever technical error there may have been in making the original lessee the defendant in the ejectment suit, was immaterial.

The provision in section 4, of Article 45, of the Code, authorizing a married woman to sue by her next friend for the security or recovery of her separate property, was intended simply to enlarge her legal privileges, and not to take away the pre-existing common law right to sue jointly with her husband in cases where such joinder was either necessary or proper.

Abrahams *vs.* Tappe and Fry.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court. The death of Edward T. Flaherty was suggested at the argument.

The cause was argued before ALVEY, STONE, ROBINSON, IRVING, and RITCHIE, J.

*Richard M. Venable,* for the appellants.

*John W. H. Fry,* for the appellees.

RITCHIE, J., delivered the opinion of the Court.

On the 18th day of December, 1866, Frederick L. Shaffer and wife leased a certain lot on Spring street, in Baltimore City, to one George Feller, subject to an original rent of sixty dollars *per annum* above all deductions for taxes and assessments then or thereafter to be levied.

Among the provisions in said lease contained was the following:

"And provided further, that if the said rent shall be in arrear for one year, then the said Frederick Littig Shaffer, his heirs or assigns, may re-enter upon the premises hereby demised, and hold the same as if this lease had never been made."

In the lease was also a covenant on the part of said Feller, his heirs, executors, administrators and assigns, to pay the aforesaid rent, taxes and assessments.

The rent so reserved and the reversionary interest in said lot of ground became vested in the complainant, Margaret E. L. Abrahams, in March, 1871, under the will of said Shaffer, her father, and has remained her property ever since.

On the 16th of December, 1871, George Feller assigned the leasehold interest in said premises to his brother, Charles Feller, who, on the 27th of the same month, as-

signed the same to Wilhelmina Feller, wife of the afore-said George Feller.

On the 8th of May, 1878, by deed of mortgage, the demised premises were conveyed by the said Wilhelmina Feller and George Feller, her husband, to a certain Caroline Tappe, to secure their promissory note of that day for $500, payable with interest two years after date.

On the 7th of January, 1879, George. Feller paid the said Margaret E. L. Abrahams a balance of fifteen dollars on the rent due the 1st of December, 1878; and though he, with the knowledge of his wife, was often afterwards called on for the rent subsequently falling due, neither he nor his wife made any further payments thereof; nor did the said Caroline Tappe.

The improvements on the property becoming dilapidated and comparatively worthless, and unfit for habitation, the Fellers abandoned it.

After the rent had been in arrear for eighteen months, Mrs. Abrahams, not having been informed of the assignments by George Feller, nor of the execution of the mortgage by him and his wife to Caroline Tappe, by advice of counsel, instituted an action of ejectment against the said George Feller to recover possession of the property; and the defendant not appearing, judgment by default was rendered in her favor on the 16th day of September, 1880; and on the 25th of the same month, having procured a writ of *habere facias possessionem*, she was placed in actual possession of the premises, the same being wholly unoccupied.

After the lapse of over six months from the date of her re-entry, the original tenant, the assignees and the mortgagee being alike still in default with the rent, Mrs. Abrahams was instructed by her attorney that she was fully possessed of the fee simple title to the property, and could with safety improve the same. Two houses, together of the value of about sixteen hundred dollars, were then

erected upon it, Mrs. Abrahams' husband advancing the money necessary to build them.

The taxes for the years 1876, 1877, 1878, having been suffered by the Fellers and Mrs. Tappe to remain unpaid, the lot was sold by the city tax collector in November, 1879, the city becoming the purchaser. These taxes were paid and satisfied by Mrs. Abrahams, and the property was thus redeemed.

On the 27th October, 1881, default having been made in the payment of the mortgage debt, Caroline Tappe, in accordance with provisions of the local law for Baltimore City, filed her petition in the Circuit Court of that city for a sale of the leasehold interest described in said mortgage, and on the same day a decree of sale was passed as prayed, in which Edward T. Flaherty and John W. H. Fry were appointed trustees to conduct the sale. Thereupon the bill of complaint in this cause was filed, and a temporary injunction granted restraining the sale. This injunction having been subsequently dissolved, the present appeal was taken.

If we could regard the leasehold interest conveyed in the mortgage to Mrs. Tappe by the Fellers as still subsisting, and the mortgage consequently of some virtue and effect as against the same, we should hold that the injunction granted should have been continued until an adjustment was had between the mortgagee and Mrs. Abrahams, as to the claims of the latter for rent in arrear and for the taxes paid by her. The fact too that the only real value attaching to the leasehold interest, supposing it still to exist, was from the houses erected by Mrs. Abrahams after she took possession of the lot, and that these improvements were made in good faith, would be a further ground for continuing the injunction until such adjustment; for we should consider it grossly inequitable to permit Mrs. Tappe to realize the amount of her mortgage debt, as she evidently only could do it, from the en-

Abrahams *vs.* Tappe and Fry.

hanced value of the leasehold created by these improvements, when she, equally with the Fellers, was in default in not paying the rent and the taxes. Also, the well-grounded apprehension of a cloud upon her title, under the circumstances, should the trustees be permitted to sell, we consider an additional reason for the interposition of the injunction.

To the objection urged by the appellees, that Mrs. Abrahams is not such a party or has not made such allegations as would entitle her to have the sale under the mortgage restrained, as contemplated by the provisions of sec. 15, Art. 64 of the Code of Pub. Gen. Laws, it is unnecessary to say more, than that that section relates by its own terms to sales of mortgaged premises made under that particular Article, and is not applicable to decrees of sale passed, as in this case, upon mortgages framed with peculiar reference to the special provisions of the local laws for Baltimore City.

But in our view of the case, it is not necessary to dwell upon the question of whether Mrs. Abrahams has any equitable set-offs against the mortgage claim of Mrs. Tappe. When Caroline Tappe became the assignee of the leasehold interest by virtue of its conveyance to her in the deed of mortgage, she took it subject to all the conditions and covenants of the lease to George Feller. Her failure to pay the rent and to keep the taxes paid up, was equally a default in her as in the original lessee. It was, as we have seen, expressly stipulated in the lease, that if the rent should be suffered to fall in arrear for one year, the lessor or his assigns might re-enter upon the premises and hold the same as if this lease had never been made.

The rent having been allowed to remain unpaid for more than one year, and Mrs. Abrahams having by reason of that default, and in the assertion of her rights as landlord, secured an actual and peaceable repossession of the premises. which in fact she found deserted, the lease be-

came absolutely forfeited, and the mortgage, so far as it affected the premises, fell with it. Whatever technical error there may have been in making George Feller the defendant in the ejectment suit we consider immaterial. She took and held possession in assertion of her claim to the ownership of the fee, and her actual re-entry following the perfected right to re-enter, worked the forfeiture of the lease; and she stands in relation to the property, as if the lease "had never been made." So far then, as she is concerned, the interest or estate conveyed in the mortgage is as if it had never existed. *Mayhew vs. Hardesty,* 8 *Md.,* 479; *Cooke vs. Brice,* 20 *Md.,* 397.

As to the motion of the appellees to dismiss this appeal upon the ground, that, the property which is in controversy being the separate estate of Mrs. Abrahams, her husband was improperly joined in this suit, and she should have appeared by her next friend, we do not deem it maintainable. Section 2, chap. 245, of the Acts of 1853, (Code, Art. XLV, sec. 4), relied on in support of this motion, provides that a married woman *may* sue by her next friend for the security or recovery of her separate property; but this was intended simply to enlarge her legal privileges, and not to take away the pre-existing common law right to sue jointly with her husband in cases where such joinder was either necessary or proper. Her husband in this case holds no such adverse position as to necessitate the intervention of a next friend. *Barr and Wife vs. White,* 22 *Md.,* 259; 1 *Poe on Pl. & Pr.,* 267.

From the conclusions at which we have arrived it follows, that, in our opinion, no leasehold interest now remains to be made the subject of a sale under the mortgage to Caroline Tappe, and that, therefore, the trustees should be enjoined absolutely from making a sale which could convey nothing to the purchaser, and only result in detriment to him and Mrs. Abrahams. The mortgage has no longer any vitality except as a foundation to re-

cover the mortgage debt against the Fellers in a personal action.

The order dissolving the injunction is accordingly reversed, and the cause remanded that the injunction may be made absolute.

*Order reversed, and*
*cause remanded.*

(Decided 20th June, 1883.)