MARY W. WILLIAMS *v.* SAFE DEPOSIT & TRUST COMPANY, TRUSTEE
[No. 19, October Term, 1934.]

*Decided November 20th, 1934.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, PARKE, and SLOAN, JJ.

*Frank B. Ober* and *Robert W. Williams,* with whom were *Janney, Ober & Williams* on the brief, for the appellant.

*Norwood B. Orrick,* with whom were *Venable, Baetjer & Howard* on the brief, for the appellee.

PARKE, J., delivered the opinion of the Court.

Nathalie Thomas Whiting devised the reversion in and to an improved lot of ground in Baltimore City unto the Safe Deposit & Trust Company of Baltimore under trusts which still continue. The ground rent was created by a lease dated May 4th, 1867, whereby the lot of ground and premises were demised for the term of ninety-nine years, renewable forever, and the annual ground rent of $480 issuing out of the lot was reserved, payable in equal semi-annual installments on the fourth days of every May and November. By the lease, the lessee, for himself, his personal representatives and assigns, covenanted and agreed to pay the installments of rent as each should become due and payable, and to pay all taxes levied upon said lot and improvements when and as such taxes should become payable.

After mesne assignments, the title to the leasehold estate became vested in Louis Hurwitz and Benjamin Voloshen, who mortgaged their leasehold estate in said property to Charles J. Bonaparte as security for a mortgage indebtedness of $12,000, and covenanted by the mortgage to pay the ground rent and taxes on the demised property. After the death of Benjamin Voloshen, his undivided one-half interest in the leasehold estate was assigned to Sarah Voloshen. The mortgage and mortgage indebtedness to Charles J. Bonaparte were duly assigned to Mary W. Williams, who acquired her title on February 19th, 1925, and who thenceforth held the mortgage debt and mortgage until December 29th, 1932, when she released the mortgage debt and lien.

The mortgage debt became in default, and thereupon the right under the covenant in the mortgage that en-

titled the mortgagors to remain in possession until default terminated, and Mary W. Williams, the assignee, became entitled to the right of immediate possession of the leasehold estate in the year 1930; and, although she never actually took possession, she constantly remained, by reason of a continuous default, so entitled to possession, until the mortgage was released by her on December 29th, 1932.

During this period of default, the ground rent for May and November, 1932, amounting to $480, and the state and city taxes for the years 1931 and 1932, and a special paving tax of 1932, aggregating $1,010.59, were not paid. By reason of the failure to pay these taxes, interest and penalties accrued, which the owner of the reversion was compelled to pay in the amount of $144.41 in order to prevent the property from being sold for the non-payment of the taxes. The owner of the reversion thereupon demanded of the assignee of the mortgage that she refund the amount so paid. Before an action at law in covenant had been instituted against the assignee for her failure to pay, the assignee released the mortgage of the leasehold estate, and then a suit in equity was begun by the owner of the reversion against the assignee.

The cause was heard on the facts, and the chancellor entered a decree in favor of the Safe Deposit & Trust Company of Baltimore, as trustee under the will of Nathalie Thomas Whiting, and against Mary W. Williams for the sum of $1,585.02, with interest from the date of the decree and costs.

The questions presented by the appeal are (1) whether the mortgagee of a leasehold estate, who has not entered in possession of the mortgaged property, although so entitled, under the terms of the mortgage, by the default of the mortgagor, is bound by the covenant of the lessee, his personal representatives and assigns, to pay the rent and taxes accruing due on the leasehold property, during the default and before the assignee released the deed of mortgage; and, if so, (2) whether the remedy against

the assignee of the mortgage for a breach of the covenant which occurred before the release of the mortgage is, when the proceedings are begun after the release, at law or in equity.

At common law, a defeasible legal estate vested in the mortgagee, that became absolute upon default. The mortgagee is entitled to immediate possession upon the execution of a mortgage, unless there is some other agreement of the parties. *Richardson v. B. & D. R. Co.*, 89 Md. 126, 128, 129, 42 A. 938; *Barron v. Whiteside*, 89 Md. 448, 460, 43 A. 825; *Commercial Bldg. etc. Assn. v. Robinson*, 90 Md. 615, 618, 45 A. 449; *Annapolis & E. R. Co., v. Gantt*, 39 Md. 115, 140, 141; *McKim v. Mason*, 3 Md. Ch. 186, 194; *Brown v. Stewart*, 1 Md. Ch. 87, 92; *Leighton v. Preston*, 9 Gill, 201, 203; *Jamieson v. Bruce*, 6 G. & J. 72; *Hagerstown v. Groh*, 101 Md. 560, 561, 61 A. 467.

Equity, however, has assumed jurisdiction to relieve the mortgagor against an absolute forfeiture upon his default in performing the condition subsequent, and, recognizing that the purpose of the mortgage is merely a pledge to secure a debt, and that it is unreasonable that the mortgagee should, on the failure of the debtor to meet his obligation to pay on the day specified, be entitled to acquire, as his own property, what was intended as a security for its payment, has allowed the mortgagor to reclaim the property upon the payment of the mortgage debt with interest. *Supra. Mizen v. Thomas*, 156 Md. 313, 318, 319, 144 A. 479.

Accordingly, there is usually incorporated in a mortgage of a leasehold estate, as was incorporated in the mortgage at bar, a provision whereby the mortgagors, their personal representatives and assigns, may continue to hold and possess the mortgaged premises, and to receive the rents and profits thereof, upon paying in the meantime the ground rent, and all taxes levied or assessed on the mortgaged property, with a covenant on the part of the mortgagors, their personal representatives and assigns, to pay the ground rent and taxes. The effect

of this agreement on the part of the mortgagee, which is known as a redemise, is to make of the mortgagor, in most respects, a tenant to the mortgagee. 2 *Cruise's Digest*, p. *97; *Jamieson v. Bruce*, 6 G. & J. 72; *Georges Creek Coal* etc. *Co. v. Detmold*, 1 Md. 225, 237; *Commercial Bldg.* etc. *Assn. v. Robinson*, 90 Md. 615, 45 A. 449; *Richardson v. B. & D. R. Co.*, 89 Md. 126, 132-134, 42 A. 938; *Barron v. Whiteside*, 89 Md. 448, 460, 43 A. 825; Code, art. 75, sec. 77.

Through the right of possession until default under the mortgage, and the equity of redemption, the mortgagor is now regarded as the real and beneficial owner of the mortgaged premises as to all persons except the mortgagee and those claiming under him, yet to create the mortgage as security for the mortgage debt there must be a transfer of the mortgagor's estate in the property pledged to the mortgagee. So, in Maryland, a mortgage conveys the whole legal estate to the mortgagee, subject, generally, to the condition subsequent that, upon due payment of the mortgage debt and a performance of all the covenants by the mortgagor, the mortgage deed is avoided. Code, art. 66, secs. 11, 21, 25; *Jamieson v. Bruce*, 6 G. & J. 72; *Evans v. Merriken*, 8 G. & J. 39, 46; *Commercial Bldg.* etc. *Assn. v. Robinson*, 90 Md. 615, 618, 45 A. 449; *Duval v. Becker*, 81 Md. 537, 546-548, 32 A. 308; *Harnickell v. Orndorff*, 35 Md. 343; *Warfield v. Ross*, 38 Md. 90; *Albert v. Hamilton*, 76 Md. 307, 25 A. 341; *Felgner's Admrs. v. Slingluff*, 109 Md. 480, 71 A. 978; *Sullens v. Finney*, 123 Md. 653, 657, 91 A. 700; *Mayhew v. Hardesty*, 8 Md. 479, 494.

Since the legal title is transferred by the deed of mortgage, the mortgage of the whole interest in the original lease operates as an assignment of the lease; and the mortgagee thereby becomes the assignee of the leasehold interest, and, as such assignee, he is liable on the covenants of the lease, which arise from privity of estate, either from the date of the assignment, if there is no provision for the mortgagor to retain possession until default, or from the time of the mortgagor's default in

the performance of the covenants he has made in the mortgage, if there is a provision in the mortgage agreeing that the mortgagor shall remain in possession until such default. *Mayhew v. Hardesty*, 8 Md. 479, 494, 495; *Coe's Alexander's British Statutes*, vol. 1, p. 463, note 34; *Lester v. Hardesty*, 29 Md. 50, 54; *Abrahams v. Tappe*, 60 Md. 317, 322; *Commercial Bldg. etc. Assn. v. Robinson*, 90 Md. 615, 618, 45 A. 449; *Duval v. Becker*, 81 Md. 537, 32 A. 308; *Baltimore City v. Peat*, 93 Md. 696, 699, 50 A. 152, 698.

It is a principle of law that an assignee of a lease is subject to the performance of all the covenants that arise from privity of estate, such as covenants to pay rent, taxes, or assessments. *Kent's Com. 144; Lester v. Hardesty*, 29 Md. 50, 54; *Worthington v. Cooke*, 52 Md. 297, 309. Nor can the assignee escape this liability on his lessee's covenants that run with the estate in land on the ground of the lessee's ignorance of their existence, since the lessee is bound to take notice of the obligations and conditions of the instrument of lease. *Abrahams v. Tappe*, 60 Md. 317, 322; *Washington Natural Gas Co. v. Johnson*, 123 Pa. 576, 16 A. 799, 801. Neither does the liability of the assignee on the covenant depend, according to the weight of authority, upon his actual entry or taking possession. It is sufficient if the right of possession exist, as was determined in the case of *Mayhew v. Hardesty*, 8 Md. 479, 494, 495. This case has been cited with approval in *Commercial Bldg. etc. Assn. v. Robinson*, 90 Md. 615, 618, 45 A. 449, and in *Gibbs v. Didier*, 125 Md. 486, 94 A. 100, where the court stated: "The rule is well established that after forfeiture a mortgagee is regarded as the assignee of the term, and hence is liable on the real covenants." Page 492 of 125 Md. 94 A. 100, 101, *Tiffany on Real Property* (2nd Ed.) sec. 56, sub-secs. c, d, pp. 179-181; *Venable's Real Property*, pp. 198, 199; *Coe's Alexander's British Statutes*, vol. 1, p. 463; *Washburn on Real Property* (6th Ed.) sec. 707; 1 *Cruise's Digest*, pp. *103, *104; *Taylor on Landlord & Tenant* (8th Ed.) secs. 450, 455; *Woodfall's Landlord &*

*Tenant* (21st Ed.) p. 326; *Stone v. Evans* (1796) *Peake, Add. Cas.* 94, 170 Eng. Reprint, 206; *William v. Bosanquet* (1819) 1 Brod. & B. 238, 129 Eng. Reprint, 714; *Burton v. Barclay* (1831) 7 Bing. 745, 131 English Reprint, 288.

The assignee, however, is not liable on covenants running with the land which are broken before the assignment to him of the term. *Consumers' Ice Co. v. Bixler,* 84 Md. 437, 446, 447, 35 A. 1086. When the assignment is by way of a mortgage which does not give the mortgagee the right of immediate possession, but provides for the possession of the mortgaged property by the mortgagor until his default under the mortgage, the redemise to the mortgagor, assuring a tenancy to the mortgagor on condition subsequent, prevents the whole interest in the leasehold estate being in the mortgagee until a default by the mortgagor on the covenants of the mortgage, but upon the happening of the default, the redemise is terminated, and the whole interest in the leasehold estate is vested in the mortgagee, with a right of immediate possession, and, therefore, the liability of the mortgagee, *qua* assignee, to the holder of the reversion for the covenants running with the estate in land begins with such default of the mortgagee. *Supra.* Similarly, the assignee is not liable for breaches of covenant which are committed after he has assigned all his interest in the demised premises, unless he has so expressly agreed; when the privity of estate ends, the basis for the liability of an assignee on covenants that run with the estate in land is gone. *Reid v. Wiessner Brewing Co.,* 88 Md. 234, 236, 237, 40 A. 877. Consequently, the assignee by way of mortgage of a leasehold interest, who is liable by reason of the fact that the mortgage transfers the legal title, may free himself of future liability by determining his title to the mortgage and thus end the privity of estate, by a release or discharge of the mortgage. 1 *Tiffany on Landlord and Tenant,* vol. 1, sec. 158, pp. 976, 977; *Jones on Mortgages* (8th Ed.) sec. 990; *Taylor on Landlord and Tenant* (8th Ed.) sec. 452;

*Hintze v. Thomas,* 7 Md. 346; *Donelson v. Polk,* 64 Md. 501, 504-506, 2 A. 824; *Gibbs v. Didier,* 125 Md. 492, 94 A. 100.

The conflict of authority with reference to whether the remedy, after the severance of the privity of estate of the assignee, in respect of breaches of covenant committed by the assignee during the time of his holding, is by an action at law or can only be found in equity, has been considered, and the question finally determined, by the decisions of this court, which declare that the remedy is in equity. The problem is so ably and thoroughly discussed and its resolution so clearly stated for this court by Chief Judge Alvey in *Donelson v. Polk,* 64 Md. 501, 2 A. 824, that nothing remains for this court but an adherence to the established rule. *Hintze v. Thomas,* 7 Md. 346; *Mayhew v. Hardesty,* 8 Md. 479; *Lester v. Hardesty,* 29 Md. 50; *Gibbs v. Didier,* 125 Md. 486, 492, 94 A. 100; *Reid v. Wiessner Brewing Co.,* 88 Md. 234, 236, 237, 40 A. 877; *Commercial Bldg. Assn. v. Robinson,* 90 Md. 615, 618, 619, 45 A. 449; *Valliant v. Dodemere,* 2 Atk. 546, 26 Eng. Reprint, 728.

It follows that the decree of the chancellor was in accordance with principles of law that have long been recognized and enforced in this jurisdiction. In reply to the argument that established rules be ignored on the ground of the hardship ascribed to their effect upon the assignee of the term by way of mortgage in the pending case, it is sufficient to say that she had the opportunity to avoid her present liability at the time of the assignment of the mortgage. If, in the words of an ancient authority, she was "ill-advised to take an assignment of the whole term" (*Coote on Mortgages,* \*119, 18 Law Lib., 51), she must abide the consequences, since it is a primary function of the court to maintain and enforce rules of property. In *Myers v. Silljacks,* 58 Md. 319, at page 330, Alvey, J., speaking for the court with reference to reversionary freehold and leasehold estates, declared: "It is of the utmost importance, therefore, that the tenure be maintained with entire certainty; that the

true relation of the parties to the property be at all times fully recognized, so that their exact rights may be known and enforced, and that third parties may know how to deal with respect to those rights." The liability of the assignee grows out of, not only her right of possession, but also her interest in the leasehold estate. Since it was a beneficial interest that she acquired, there is no sound basis in law or in equity why she should not be liable to its burdens.

*Decree affirmed, with costs to the appellee.*