ROBERT SEWALL
vs. } MARCH TERM, 1848.
SYLVESTER J. COSTIGAN ET AL.

[POWERS AND DUTIES OF TRUSTEES.]

A TRUSTEE for the sale of lands under a decree of a court of equity, is the mere instrument or agent by whose hands the court acts, and the sales made by him are, in fact, the sales of the court.

The court has the incontestible power to pass an order, directing the trustee to bring the proceeds of sale into court, to be disposed of under its direction.

The court is not disposed to look with favor upon the appropriation by its trustee of the proceeds of sales, without its previous authority; and such conduct will be viewed with especial jealousy where married women and children are concerned, and the property, or fund raised by the sale, is subject to marriage settlements, designed for the support of families.

[This case was argued on exceptions to the Auditor's report, and on a motion by John H. Key, a conventional trustee, and one of the parties, for an order on the trustee appointed to make sale of the real estate, to bring into court the sum of $3,639 80, a part of the purchase money received by him.

The original bill was filed to enforce a vendor's lien, and the real estate was sold under a decree, which, as usual, directed the trustee, appointed to make the sale, to bring the proceeds into court.

After the payment of the purchase money a large surplus was left, which was claimed by John H. Key, as trustee, under a marriage settlement, which gave him the estate sold, in trust, for the purchaser until her marriage, for her husband during his life without being liable for his debts, for the wife after the death of her husband, in fee, but if the wife died, leaving her husband or the child or children of the marriage, and if none, for her heirs.   There was a covenant on the part of the husband to apply the personal estate of the wife to the payment of the purchase money due to the complainant, and an authority to John H. Key the trustee, with the assent of the husband and wife, to sell and re-invest.   The trustee and the husband and wife were parties to the original proceedings.

The first objection to the application to bring the money into court was, that Key was acting under a private conventional trust with which this court had nothing to do.   To this objection the court said :]

THE CHANCELLOR :

Gough, the trustee, by whom this sale was made, under the authority of a decree of this court, is its mere officer and agent, and by the very terms of his authority, was required to bring the proceeds of sale in, to be disposed of under its direction. In fact, the sale made by him, is the sale of the court, he being the mere instrument or agent by whose hand the court acts. It is the sale of the court and not his sale, and when he undertook to act as its agent in this respect, he became bound as well by the spirit, as the letter, of the power delegated to him, to obey its orders.  Can it be possible, that this court has not

18*

the power to compel its own agent to bring in the proceeds of property sold under its authority, that application may be made of such proceeds to the purposes contemplated by the decree? This is not a question between the court and Key, the conventional trustee, but between the court and the trustee of its own appointment, and as to him, I apprehend, the power to pass the order asked for, is incontestible. *Glenn* vs. *Clapp*, 11 *Gill &* *Johns.*, 8; *Penn* vs. *Brewer*, 12 *ib.*, 113; *Mullikin* vs. *Mullikin*, 1 *Bland*, 538; *Iglehart* vs. *Armiger*, *ib.*, 527.

[The second objection was, that on the sale of the estate by a trustee of the court appointed for that purpose, the trustee appointed by the parties was *functus officio*, and could claim no interest in the fund raised by the sale; and that, at all events, the husband and wife as being beneficially interested, ought to have united in the motion. To this, it was answered by the court:]

By the terms of the deed, the trustee was, under the circumstances therein mentioned, authorized to sell the property, and the proceeds were to be invested upon the like trusts and uses, and subject to the same powers and purposes, as were declared with regard to the land, and I take it to be very clear, that the investment spoken of in the deed, was to be made in the name of the same trustee, and that now, the fund being under the control of this court, the investment must be made in his name, unless some satisfactory reason is assigned for the selection of another. John H. Key was an indispensable party to the original bill filed in this case—*Story's Eq. Plead.*, 187— and being thus a party to the cause, it not only was his privilege, but his duty, if he saw, or thought he saw, the trust fund in danger, to interpose for its protection. Having so interposed, it does not become the agent of this court, whose duty it was to sell the property, and deliver the proceeds of sale over to the court, to say, that he is spurred on to do that which, by the terms of the decree, he was required to do by a party who has no interest.

[The third objection was, that the trustee for the sale under

the decree, had made advances for the support of the husband and wife and paid money in discharge of the debts of the husband, which ought to be reimbursed ; and, that no order ought to be passed for bringing in the money until the husband and wife answered a petition of the trustee for the sale, as to those advances, filed on the day of the hearing. To this the court said:]

The sums thus alleged to have been advanced by the trustee, Gough, nearly absorb the whole trust fund, and not intending, at this time, to pronounce an opinion in reference to them, I cannot well understand how the trustee of this court, who was certainly not required to complicate himself with such transactions, but whose duties were plain and simple, shall be permitted, by passing beyond the line of his duty, to exonerate himself from those obligations which the decree appointing him imposed upon him.

The court is not disposed to look with favor upon the appropriation by its trustee, of the proceeds of sales of property made under its decrees, without its previous authority, and such appropriations have been condemned upon former occasions. *Mackubin* vs. *Brown,* 1 *Bland,* 410 ; *Iglehart* vs. *Armiger, ib.,* 519.

And, more especially, will such conduct be viewed with jealousy, when married women and children are concerned, and the property or fund raised by the sale, is subject to marriage settlements, designed for the support of families. Payments made under such circumstances, cannot be offered as an excuse for not doing that which the decree plainly directed to be done. But, it is said, that Costigan was, under the marriage settlement, entitled to the usufruct of this property for life; and, therefore, to that extent, the appropriation was strictly within the terms of the trust. Conceding that Costigan was so entitled, it by no means follows, that the trustee, Gough, was justifiable in making the applications. He was not the trustee of Costigan and wife, but the trustee of this court, authorized to sell the property and bring the avails in, to be disposed of under the direction of the Chancellor ; and it would be strange if he could rid himself of this duty, by assuming a character to which he

has no title, but which the parties interested had · conferred upon another and different person.

It is manifest, also, that he has gone far beyond the limits to which he must have been confined, even if he could be viewed as the trustee of Costigan and wife, and that if such conduct is sanctioned, the trust estate will, in a very short time, be utterly annihilated, and the rights of the parties entitled in remainder entirely defeated.

The power delegated to this trustee was clearly defined, and . has been unquestionably transcended; and I am, therefore, of opinion, that the order of the 12th of May last, must be made absolute.

[No appeal was taken from this decree.]