GEORGE M. GILL, JOHN STEWART and HUGH SISSON
*vs.* CHARLES G. CARMINE.

*Liability of Trustees in their Individual Capacity—Order of
Court.*

Defendants to whom a deed in trust was made of property for the
benefit of the grantor's creditors, and who were authorized by
order of a Court of equity to complete certain houses thereby con-
veyed to them, in course of building when the deed was made, are
responsible in their individual capacity, for work and materials
furnished by a plaintiff upon their order, for the completion of the
buildings, it appearing that there was no agreement on his part
to look to the trust estate alone for payment. The order of Court
was an indemnity to the trustees for having the work done, to be
allowed them out of the trust funds.

APPEAL from the Court of Common Pleas.

The appellee instituted this suit to recover from the
appellants for work done and materials furnished by him
as a plumber and gas fitter, at their request and by their
order and direction.

The record in this case shows that Michael Roche, a
builder, in 1877, executed to the appellants a deed in trust
of all his estate and property for the benefit of his credi-
tors.   As appears from the deed, there were certain houses
unfinished conveyed to the appellants, the completion of
which, Roche declared in the deed, would greatly swell
his assets, but which he was unable to finish and hoped
his trustees would do so.   The appellants assumed the
trust, took charge of the property and proceeded to com-
plete the unfinished houses, having first filed a petition
in the Circuit Court of Baltimore City, asking that the
trust might be administered by them under the direction

of the Court, which petition was granted. Upon the further petition of the appellants as trustees, and at the instance of creditors of Roche, the Circuit Court passed an order authorizing the trustees, before making sale, to complete seventeen unfinished houses (among which were the houses, upon and to which the work and materials claimed for in this suit were done and furnished) and to pay for the same out of such amounts as might be received from the trust estate.

It further appears, that the appellee, who had done work for Roche, prior to the assignment, was asked by the appellants' superintendent to furnish estimates for the several pieces of work, afterwards done by him. He received orders from one of the appellants at one time as to some of the buildings, and from another of the appellants at another time as to others of them, to go ahead and do the work, which he accordingly did. The appellee had stopped work for Roche just before the deed of trust was made, as Roche could not pay him. He looked to the appellants alone for the payment of his account, and so told them before he finished the work. All the work charged for in this case, it appears, was done for them alone. The houses were finished and sold by the appellants, who received the proceeds as trustees; the appellee filed his claim in the trust estate; an audit was ratified and the appellee received a part of his bill from the trust funds, stating, however, at the time, that he took it only on account, and that if it affected his right to recover the balance, he would not receive it. He was subsequently informed that there were no funds to pay the balance of his bill, and that he would receive nothing more: hence this suit.

*Exceptions.*—At the trial the plaintiff offered two prayers. It is necessary to state only the second, which is as follows:

If the jury shall believe from the evidence, that the plaintiff performed the work and furnished the materials,

as charged by him, at the order and request of the defendants, then their verdict must be for the plaintiff, although they shall believe that the defendants were acting as trustees of the estate of Michael Roche, when said work and materials were ordered by them, unless they shall believe from the evidence that the plaintiff agreed to look to the trust fund alone for payment.

The defendants offered six prayers. It is necessary to state only the sixth, which, modified by the Court, is as follows :

If the jury believe from the evidence, that the plaintiff contracted with Michael Roche to furnish the materials and do the work on the houses on Boundary avenue, known as the Wilmer Houses, as shown in the proposal offered in evidence in this case, and that he never released the said Michael Roche, or his estate, and that the plaintiff in furnishing said materials and performing said work, did so to perform his part of the said contract, and did complete his part of the contract, then their verdict must be for the defendants as to the value of such work and material.

The Court, (BROWN, J.,) rejected the plaintiff's first prayer but granted the second ; and rejected all the defendants' prayers, except the sixth, which the Court granted after modifying it. To the granting of which prayer as modified, the defendants excepted, and the verdict and judgment being for the plaintiff, they appealed.

The cause was argued before BOWIE, GRASON, MILLER, ALVEY, ROBINSON, and IRVING, J.

*David Stewart* and *John Gill, Jr.*, for the appellants.

*W. E. Hoffman,* for the appellee.

ALVEY, J., delivered the opinion of the Court.

Under the instructions of the Court, given in the terms of the second prayer of the plaintiff, and the sixth prayer

of the defendants, as modified by the Court, we must assume that the jury found that the work and materials furnished for the completion of the buildings, for which this suit was brought, were furnished upon the order and request of the defendants, and that there was *no agreement* on the part of the plaintiff to look to the trust estate alone for payment. That the contract was with the defendants is not denied; the only question is, whether the credit was given exclusively to the trust estate in the hands of the defendants as trustees, or whether they were looked to as responsible in their individual character.

The defendants contend that inasmuch as the completion of the buildings was contracted for under the sanction of the Circuit Court, as a Court of equity, therefore there could be no individual responsibility contemplated or incurred. But that was by no means the necessary consequence of the order of Court, authorizing the defendants as trustees to have the work done. The order of the Court was a complete indemnity to the trustees for having the work done, and a determination that the cost or expense of the work should be allowed the trustees out of the trust funds. But it did not bind the plaintiff to look exclusively to the trust funds for payment, whether sufficient or not, unless, by agreement, he should bind himself to look to that fund exclusively.

By the deed of trust from Roche to the defendants, the latter were invested with the entire estate of the former, for the benefit of creditors; and the law is perfectly well settled, that the party holding the estate in trust, even with general powers of management, is bound personally by the contracts that he may make as trustee, though he designates himself as such; " and nothing will discharge him but an express provision, showing clearly that *both* parties agreed to act upon the responsibility of the funds alone, or of some other responsibility, exclusive of that of the trustee; or some other circumstance clearly indicating

another party who is bound by the contract, and upon whose credit alone it was made." 1 *Pars. Contr.*, (*4th Ed.*,) 102.

This principle has long since been settled in the law, and was fully recognized and acted upon in the case of *Horsley vs. Bell, Ambler*, 770; more fully reported in a note to the case of *Cullen vs. Queensberry*, 1 *Bro. C. C.*, 101, and the authority of which was fully sanctioned in the case of *Eaton vs. Bell*, 5 *Barn. & Ald.*, 34. And in the recent case of *New vs. Nicoll*, 73 *N. Y.*, 127, where a trustee, holding and managing an estate for the benefit of a married woman, and others after her death, was sued on a contract for repairs done to the buildings on the land, it was held and laid down as a settled principle, that when a trustee is authorized to make an expenditure, and he has no trust funds, and the expenditure is necessary for the protection, reparation, or safety of the trust estate, and he is not willing to make himself personally liable, he may, by express agreement, make the expenditure a charge upon the trust estate. For, as it is there said, he could himself advance the money to make the necessary reparation or improvement, and he would have a lien upon the trust estate therefor; and that being so, he could, by express contract, transfer such lien to any other party who would agree, upon the faith of the trust estate, to make the necessary expenditure. But, in the absence of such express agreement, or circumstances plainly indicating an intention on the part of the party doing the work or making the expenditure, to exclude the personal liability of the trustee, and to rely exclusively upon the estate, or some other source, for payment, the trustee, at whose request the work was done or expenditure made, will be held personally liable. In such case, he must seek reimbursement from the trust estate.

In this case, it would hardly be rational to conclude that the plaintiff intended to do the work for the benefit

of an insolvent estate, and to place himself upon the footing of a simple contract creditor, with the right to demand only a *pro rata* distribution with that class of creditors, however small that distribution might be. We must suppose that he intended either to do the work upon the credit of the estate, with the right to be paid in full, or that the work was done upon the individual credit of the trustees. This was matter of fact; and the jury have found, under the instructions of the Court, that the work was done, not alone upon the credit of the estate, but upon the personal credit and liability of the defendants. The unquestioned proof is that one trustee acted for all, and what was the order or direction of one was the order and direction of all. And the fact that the plaintiff made out a bill for the work done in completing the houses, and filed it in the case, and received a distribution thereon, was but a circumstance to be considered by the jury, in passing upon the question, whether the work was done upon the credit of the estate alone, or that of the individual liability of the defendants.

We perceive no error in the rulings of the Court, in granting the second prayer of the plaintiff, and refusing those on the part of the defendants.

*Judgment affirmed.*

(Decided 27th January, 1881.)