(Decided 29th June, 1881.)

---

ANN HAGERTY *vs.* ARTHUR H. MANN, and others.

*Questions of Settlement and Laches—Limitations—Practice in Court of Appeals on remanding case under sec. 28, of Art. 5, of the Code—Standard of liability of Distributees for a Claim against their Testator.*

The administratrix of E. H. having funds in her hands for distribution, left the State. J. M., one of her sureties, died, and his estate was settled up, and distributed among the persons entitled. A. H., one of the next of kin of E. H., residing in Ireland, sued the remaining surety on the bond, and recovered judgment, upon which a *fi. fa.* was issued and returned *nulla bona*. On a bill filed by A. H. against the distributees of J. M., to compel them to pay her claim, it was HELD :

Hagerty *vs.* Mann, *et al.*

That the defences of settlement and *laches* could not be coupled together so that one might be made to eke out the deficiencies of the other.

At law the complainant would have had the clear right to sue, since allowing the thirteen months for the settlement of the estate, twelve years had not elapsed from the time of default made, and the administration bond was still liable to be sued.

Ordinarily a party has the same time in equity as at law in which to bring suit.

There may be circumstances of peculiar hardship, where a party stands by and allows other rights and interests to attach to the subject-matter, in which a Court of equity will impute *laches*, even where the statutory period of limitations does not apply.

But a party who holds a claim which gives him a fixed time within which to sue at law, and having the full period allowed him in which to commence proceedings, will not be held to a more rigid restriction in equity, especially when the remedy at law has been lost by accident unmixed with the fault of the party complainant.

The rights of parties are not to be taken away by irregular and insufficient evidence merely because better evidence is not accessible.

As the record disclosed the existence of persons who were residing in the place where the bill was filed, and professing to have authority from the complainant to make the alleged settlement, and as a power of attorney from the complainant was alleged to be held by one of them, and as the cause had to be remanded for further proceedings, the Court, under sec. 28, Art. 5, of the Code. HELD :

1st. That without affirming or reversing the decree of the Court below, the cause should be remanded, in order to enable the defendants to take further proof.

2nd. That if such proof should not be obtained showing satisfactorily the payment and discharge of the complainant's claim, she would then be entitled to a decree for the payment of her distributive share of the estate of the said E. H., by the defendants, to the extent of the sums received by them from the estate of the said J. M., (except as to one-sixteenth part waived by the complainant on account of the failure to bring into Court one of the defendants,) and in proportion to the amounts so received by

them respectively; and in case any one or more of the sums so decreed to be paid, could not from any cause be collected from any one or more of the defendants, then upon a proper showing the complainant would be entitled to further relief in like manner against the other defendants for the deficiency, to the extent however only of the sums received by them respectively.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., ALVEY, ROBINSON, RITCHIE and MAGRUDER, J.

*Frederick J. Brown,* for the appellant.

*Wm. Pinkney Whyte,* for the appellees.

MAGRUDER, J., delivered the opinion of the Court.

This is an appeal from the decree dismissing the appellant's bill.

The bill sets out the death of Edward Hagerty, of Baltimore City, intestate, in September, 1865; that his widow Eleanor M. Hagerty, became his administratrix, duly giving bond as such, with John Mann and John A. Flaherty, as her sureties; that from sales of property and cash in hand, she had in hand the sum of $2252, which it was her duty to distribute, but which she has failed to do; that the complainant, and one only brother, William Hagerty, both living in Ireland, are the only next of kin, and the complainant is entitled to one-fourth of the amount for distribution, of which she has received no part, although she has demanded payment of the administratrix, who is no longer a resident of Maryland; that John Mann, one of the sureties, is dead, and his executor has closed his estate and passed a final account and made distribution; that the appellant has accord-

ingly brought suit on the administration bond against John A. Flaherty, the other surety, and obtained judgment for $889.56 and costs, upon which a *fieri facias* has been issued and returned *nulla bona;* and that having thus exhausted her remedy at law, she files this bill against the distributees of John Mann, to compel them to pay her claim as set forth.

The defences made and relied on in this Court, (the others made below being manifestly untenable,) are *laches* and lapse of time, and settlement, and upon these grounds taken together, the learned Judge below bases his decree dismissing the bill. These are the grounds as taken in his opinion:

" The remaining two grounds of defence, to wit: *laches* and settlement, or probable settlement, which should be considered together, constitute in my view a valid defence to the claim; if we reject the evidence of an alleged settlement of the claim, as the counsel for the complainant contends should be done, then we find a lapse of more than twelve years between the creation of the claim, and its assertion in this suit, during which time the complainant has allowed the estate of the surety to pass into the hands of strangers to the transaction, who are ignorant of its details, and can only imperfectly defend themselves. If, on the other hand, we give any weight to that evidence, there is the strongest ground to believe, if there be not absolute proof, that the claim was adjusted and settled between the attorneys of the complainant and the administratrix respectively. The authorities abundantly show that such a lapse of time, without reasonable and sufficient excuse, which permits the relations of parties and of property to be changed without objection, will bar a recovery; and they also show, that the same consequence will follow such neglect of prosecution, as tends to destroy or impair by forgetfulness and loss of proof, a defence which might have been made to a fresher and more

promptly urged claim. Here, all these results are apparent, and as a consequence, the bill should be dismissed."

We cannot perceive why these two defences should be thus coupled together, as if the one could be made to eke out the deficiencies of the other. If *laches* properly applies, it is a good and conclusive defence, and cannot require the help of an imperfectly proved defence of settlement; but if it does not apply, the other imperfect defence cannot help it; and neither's weakness is helped by the other. If the complainant has sued in good time, then the rules of evidence are not to be relaxed in favor of a defence defectively made. And if there is no satisfactory proof of settlement, then there is no reason that the complainant should be held to suffer for not having sued sooner than by law and practice, she would ordinarily be required to do.

Taking each defence separately, therefore, let us see if either is fatal to the complainant's right of recovery.

At law, the complainant would have still had the clear right to sue. For allowing the thirteen months for the settlement of the estate, twelve years had not elapsed from time of default made, and the administration bond was still liable to be sued. Ordinarily, a party has the same time in equity as at law in which to bring suit. There may be circumstances of peculiar hardship, where a party stands by and allows other rights and interests to attach to the subject-matter, in which a Court of equity will impute *laches*, even where the statutory period of limitations does not apply, as was said by Chief Justice TANEY, in *McKnight vs. Taylor*, 1 *How.*, 161: "That it is not merely in analogy to the Statute of Limitations, that a Court of equity refuses to lend its aid to stale demands; there must be conscience, good faith and reasonable diligence, to call into action the powers of this Court. When these are wanting, the Court is passive and does nothing; *laches* and neglect are always discountenanced;" and as

enforced in *Nelson vs. Hagerstown Bank,* 27 *Md.*, 74, and the authorities there cited.

But how do those principles apply here? The complainant is illiterate, and resides in a foreign country. She might not hear for some time of the death of her brother. She must have some time to inquire as to the circumstances of his estate, and her interest therein. She must obtain advice and assistance. Time is consumed in correspondence back and forth. She must obtain some one to look after her interests. She may wait expecting her share of the estate to be transmitted to her, and not know the cause of the delay. Some time would be taken up with efforts for a settlement. Unexpected, and perhaps unavoidable, delays occur. The administratrix removes from the State and goes into a convent. One of the sureties on the bond dies, and the other becomes insolvent. She has to exhaust her remedy at law. The estate of the deceased surety is settled up promptly, and the surplus paid over to the distributees. Up to that time but a few years had elapsed, and the complainant could not then be considered in default. She certainly could not be obliged to sue the bond at once, when the law allows her twelve years; and losing the remedy on the bond by circumstances of accident beyond her control, she certainly is not to suffer thereby, and be held obliged to have brought suit sooner than she would have been obliged to do if those circumstances of accident had not happened.

The defendants have not suffered by receiving money they might not have received if the suit had been brought sooner. They will be no worse off by being obliged to pay the funds they have received, than if they had been prevented from receiving them; and in the meantime they have had the use of the money, which they certainly cannot complain of. We can find no case situated like this, or involving circumstances like this, where a party has been held to the rigid rule here sought to be

imposed upon the complainant. Most of the cases which have been cited involved a vastly greater period of delay, than that in this case; and the cases in which any similar or shorter period was held to involve *laches*, were cases in which parties were under peculiar obligation to act in order to prevent rights of strangers from vesting or attaching, which would not otherwise vest or attach; as in the case of *Mason vs. Martin*, 4 *Md.,* 124, in which objections to the purchase of a trustee at his own sale, were made after two years, and it was held were made too late; and in the case of *Clabaugh vs. Byerly*, 7 *Gill*, 354, where a party gaining knowledge of circumstances giving him the right to sue, and not acting for seventeen months, was held to have acquiesced. But none of the cases have held that a party who holds a claim which gives him a fixed time within which to sue at law, and having the full period allowed him in which to commence proceedings, has been held to a more rigid restriction in equity, especially when the remedy at law has been lost by accident, unmixed with the fault of the party complainant.

So we are clear that the doctrine of *laches* cannot be invoked in this case to defeat the claim of the complainant.

The defence of *settlement* is not made out by competent proof. The proof which was offered consists of an attempt to prove settlement by a receipt for a certain sum of money by the solicitor of the administratrix, without any proof whatever that it was in fact paid over to any one whatever even professing to act for the complainant; and of an attempt to show that this sum was agreed to be taken as a full settlement in connection with an assumption by the brother in Ireland to pay the complainant the share to which Edward was entitled in the estate of the deceased father in Ireland; and that this agreement was made by an attorney at law, professing to act for an attorney in fact of the complainant; without any proof what-

Hagerty *vs.* Mann, *et al.*

ever of the existence even of such power of attorney, except the merest hearsay, and without the slightest attempt to prove its contents, even by secondary evidence, and no attempt to account for its non-production or prove its loss; and so there was no proof whatever that any-one was authorized on behalf of the complainant to make any such settlement. Surely the rights of parties are not to be taken away by such irregular and flimsy evidence, merely because better evidence is not accessible. We know of no authority for dispensing with the well settled rules of evidence, upon any such ground. As the evidence introduced for the purpose of showing the alleged settlement, and the declarations in regard to the power of attorney are excepted to, they must be ruled inadmissible.

As the record discloses the existence of persons, who were residing in Baltimore City, and professing to have authority from the complainant to make the alleged settlement, and as a power of attorney from the complainant is alleged to have been held by one of them, it may be that the defendants may yet be able to produce the power of attorney or prove its contents, if shown to be lost, and also to give competent proof of the alleged settlement; and as the cause will have to be remanded for further proceedings, we will adopt the course which has been followed in similar cases, (under the Act of 1832, ch. 302; Code, Art. 5, sec. 28,) and without affirming or reversing the decree, will remand the cause in order to enable the defendants to take further proof. See *Eyler & Matthews vs. Crabbs,* 2 *Md.,* 137; *Dennis vs. Dennis,* 15 *Md.,* 73; *Fulton vs. Harman,* 44 *Md.,* 251; *Bull vs. Pyle,* 41 *Md.,* 419; *Shreve vs. Shreve,* 43 *Md.,* 382. If such proof shall not be obtained, showing satisfactorily the settlement and discharge of the complainant's claim, she will then be entitled to a decree for the payment of her distributive share of the estate of the said Edward Hagerty, by the defendants, to the extent of the sums received by them

34                    v. 56.

from the estate of the said John Mann, (except as to the one-sixteenth part waived by the complainant on account of the failure to bring into Court one of the defendants, William H. Mann;) and in proportion to the amounts so received by them, respectively ; and in case any one or more of the sums so decreed to be paid, cannot from any cause be collected from any one or more of the defendants, then upon a proper showing the complainant will be entitled to further relief, in like manner, against the other defendants for the deficiency, to the extent, however, only of the sums received by them respectively. .

> *Cause remanded for further proceedings,*
> *under Code, Art.* 5, *sec.* 28.

(Decided 29th June, 1881.)