## John Outtoun vs. Carrie Virginia Dulin.

*Lessor and Lessee—Misdescription of Property—Correction of Mistake in Written instrument—Evidence—Assignor and Assignee—Action for Rent—Covenant—Debt.*

When possession of land is delivered to a lessee by the lessor, the mere act of delivery is equivalent to an assertion both, by lessor and lessee, that the lot is the one described in the lease, although the lot so delivered does not exactly coincide by metes and bounds with the description in the lease.

A lessee of land cannot defeat an action for unpaid rent by showing that his lessor did not have title to all the ground described in the lease, and that he did not enter into the portion of the property so described to which the lessor had no title.

A written assignment of rent in arrear, containing in the description of the lease by which the rent was created, an error in the Christian name of the lessor, but correctly giving the name of the lessee, the date of the lease, and the book and folio of the land records of the place where it was recorded, may, after delivery, and suit brought upon it, be corrected by the assignor with the assent of the assignee so as to give the right name of the lessor, and is admissible in evidence in an action brought to recover such rent in arrear.

The assignee of a reversion may combine in an action against the lessee, a claim for rent accrued after the assignment, and rent accrued prior to the assignment, and specifically assigned to him; and he may at his election sue therefor either in debt or covenant.

As either covenant or debt will lie for a definite sum of money contracted to be paid by an instrument under seal, the differences between the actions in such case are entirely formal, and not substantial.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

Outtoun *vs.* Dulin.

The cause was argued before ROBINSON, IRVING, BRYAN, FOWLER, McSHERRY, and BRISCOE, J.

*Frederick C. Cook*, for the appellant.

*James M. Ambler*, for the appellee.

BRYAN, J., delivered the opinion of the Court.

William H. Keener in September, eighteen hundred and sixty-seven, leased to John Outtoun for ninety-nine years, renewable forever, a piece or parcel of ground lying in the City of Baltimore. The ground leased was described by metes and bounds. By virtue of this lease and claiming only under it, the lessee entered upon a lot of ground, and enclosed it, and has remained in possession from the date of the lease until the present time. He paid the rent reserved by the lease up to November the first, 1886; the rent by the terms of the lease being payable in May and November. Since November, 1886, the lessee has paid no rent. The lessor's title passed in May, 1880, by will and devise to Caroline S. Dulin, and in April, 1889, she conveyed it in consideration of natural love and affection to her daughter, the appellee. By an instrument, which will hereinafter be more particularly noticed, Mrs. Dulin also assigned to the appellee all rent due to her under the lease. The appellee brought suit against the appellant for the unpaid rent and recovered judgment.

At the trial the defendant contended that he was not liable to pay the rent reserved in the lease. We will examine the merits of this defence before considering the other questions in the case. The evidence tended to show that the lot upon which the lessee entered, and of which he is still possessed, does not exactly coincide by metes and bounds with the description in the lease; that the easternmost side of the lot, as actually occupied, is

five or more inches too short; while the westernmost side is about eighteen inches longer than the line called for in the lease; the enclosures converging slightly as they run from west to east. As a matter of course the lessee was entitled to the lot described in his lease; and if he is debarred by his lessor, or is in any way obstructed by him in the enjoyment of his possession, or is evicted by title paramount, he can have recourse to well-known remedies. The evidence does not disclose under whose direction the lot was surveyed when the lessee entered upon it, or whether it was surveyed at all. It appears, however, that he accepted it as and for the lot described in the lease; that his right to hold it is conferred solely by the lease; that he paid the rent of it for a period of nearly twenty years; that he has held the possession under enclosures for more than twenty-two years; and that he still holds possession, although he refuses to pay rent. Can he now allege that he has derived no title under the lease to the whole of the demised premises, and repudiate his obligation to pay the rent? We think not. When the possession was delivered to him, the mere act of delivery was equivalent to an assertion both by lessor and lessee that the lot was the one described in the lease; and the correctness of this assertion was not in any way questioned, until after nearly twenty years' enjoyment of all the benefits of the lease. Least of all can the lessee maintain that his lessor had no title to the whole of the lot of which he obtained possession. Such a defence is forbidden by one of the best settled doctrines of the law. On this point we cannot forbear to quote the language of a great jurist: "The title of the lessee is, in fact, the title of the lessor. He comes in by virtue of it, holds by virtue of it, and rests upon it to maintain and justify his possession. He professes to have no independent right in himself, and it is a part of the very essence of the contract under which he claims, that the para-

Outtoun *vs.* Dulin.

mount ownership of the lessor shall be acknowledged during the continuance of the lease, and that possession shall be surrendered at its expiration. He cannot be allowed to controvert the title of the lessor, without disparaging his own; and he cannot set up the title of another without violating that contract by which he obtained and holds possession, and breaking that faith which he has pledged, and the obligation of which is still continuing, and in full operation." Chief Justice MARSHALL in *Blight's Lessee vs. Rochester,* 7 *Wheaton,* 547. The Court below ruled that the defendant could not defeat this action for the rent, by showing that his lessor did not have title to all the ground described in the lease, and that he did not enter into the portion of the property so described, to which the lessor had no title. We approve of this ruling.

The plaintiff at the trial offered in evidence an instrument under the hand and seal of Caroline S. Dulin, purporting to assign to her all the rents due to the assignor under a lease from William H. Keener to John Outtoun, mentioning the date of the lease, and the book and folio of the land records of Baltimore City where it was recorded. As originally written this instrument stated the lease to be from Christian Keener; but after it was delivered, and after the institution of the suit, Mrs. Keener, the assignor, erased the name "Christian" and interlined the name "William H." The defendant objected to the admission of the paper in evidence, but the Court admitted it. The interlineation was made by the maker of the instrument, and it was done by the consent of the assignee; moreover, it was in correction of a manifest mistake in the description of the lease, which without this correction was clearly identified by a reference to the book and folio of the land record where it was recorded. There was no error in this ruling.

It is maintained that the declaration is insufficient. The plaintiff demurred to a plea of the defendant; and

as the demurrer mounts up to the first error in the pleadings, the question of the insufficiency of the declaration is presented. The declaration contains two counts. In the first count the plaintiff avers the lease by Keener, and sets out the mesne assignments whereby the reversion was vested in her, and demands the whole rent in arrear. In the second count the same averments are made, and also the assignment of rent above mentioned is set out, and the same demand is made for the whole rent in arrear. By the common law no assignee of a reversion or of rent could maintain an action of covenant; but the Statute, 32 Henry 8, chapter 34, gave the assignee of a reversion the same remedies against the lessee upon covenants running with the land, as the lessor or his heir had at common law. But the assignee was not entitled to the rent which had fallen due previously to the assignment; this belonged to the assignor. This rent was validly assigned by the instrument executed by Mrs. Dulin, already mentioned, which operated under the Act of 1829, chapter 51. This Act enables any assignee of a *chose in action* for the payment of money, to maintain an action in the same manner as the assignor might have done before the assignment. Mrs. Dulin, being assignee of the reversion at the time this rent became due, could have maintained an action of covenant for it; and she did not forfeit her right by conveying the reversion. It appears, therefore, that the plaintiff, as assignee of the reversion, had a right to bring an action of covenant for the rent which became due after the reversion was assigned to her; and also that she had a right to bring covenant for the previous rent, by force of the Act of 1829, as assignee of such rent. She also had the election to bring debt for both these causes of action. In 1*st Chitty's Pleading,* 130, *star page, Sixteenth American Edition,* we read : "And the action of debt lay for the assignee of the reversion for rent at

Outtoun *vs.* Dulin.

common law;" and of course, the assignment of the rent due, an ascertained and specific sum, would support this action. Covenant and debt frequently cover the same causes of action; it is said that *covenant* is a remedy for the recovery of *damages* for the breach of a a contract under seal; while debt lies whenever the demand is for a *sum certain*, or is capable of being readily reduced to a certainty. Where there is a contract under seal for the payment of a specific sum of money, the distinction between these forms of action may be considered as merely technical, 1*st Chitty's Pleading*, 121 *star page*, (16*th Am. Ed.*;) and we are told by the accepted authorities that, "covenant and debt are concurrent remedies for the recovery of any money demand, where there is an express or implied contract in an instrument under seal to pay it." 1*st Chitty's Pleading*, 132, *star page*, (*same edition*). The objection made to the declaration alleges that it joins a cause of action in *debt* with one in *covenant*. What we have said shows that we do not sustain the objection.

There was some discussion at the Bar about the structure of the declaration, and especially whether it should be regarded as drawn in *debt* or *covenant*. As we think that the plaintiff had a right to proceed in either form of action, perhaps a consideration of this question may be of but little practical use. The declaration counts on a demand for certain yearly rents of forty one dollars and two cents each, which the defendant, by an indenture of lease sealed with his seal, had covenanted and agreed to pay to the lessor, and alleges as a breach that, although often requested, "he has not paid, but has wholly refused, and does still refuse, to pay to the plaintiff any part of the said rent that has accrued since the first day of November, in the year eighteen hundred and eighty-six; and the plaintiff claims therefor the sum of two hundred dollars." This is the usual conclusion in an action of

debt, and the sums claimed are precisely and definitely enumerated. Though the declaration contains words not generally used in an action of debt, we could not say that it does not contain all the substantial averments appropriate to the action. In covenant the usual conclusion is "that the defendant (although often requested so to do,) hath not kept his said covenant, but hath broken the same," and then demands damages. But this conclusion is merely formal, and is unnecessary. But the substantial requisites of a declaration in covenant are contained in this declaration. In truth, as either *covenant* or *debt* will lie for a definite sum of money contracted to be paid by an instrument under seal, the differences between the actions in such case are entirely formal, and not substantial. As all writs are of the same form, and as in a declaration it is sufficient to state the facts which constitute the ground of action, and as no demurrer is now allowed for an informal statement of a cause of action, it may be said that in cases of the description just mentioned, the difference between *covenant* and *debt* is entirely unimportant.

*Judgment affirmed.*

(Decided 20th June, 1890.)