## MILDRED W. HART *v.* HOME OWNERS' LOAN CORPORATION
[No. 45, October Term, 1935.]

*Decided January 15th, 1936.*

448

The cause was argued before BOND, C. J., URNER, OF-
FUTT, PARKE, SLOAN, MITCHELL, and JOHNSON, JJ.

*W. Melbourne Hart,* for the appellant.

*Thomas E. Barrett, Jr.,* and *Franklin P. Gould,* with
whom were *John I. Rowe, William R. Burns,* and *Eugene
J. Corrigan,* on the brief, for the appellee.

OFFUTT, J., delivered the opinion of the Court.

Mildred W. Hart, the appellant in this case, by a deed
of that date, on October 19th, 1926, acquired the rever-
sion in and to a lot of ground and the improvements
thereon, located in Baltimore City, and especially the
right to receive an annual rent of $90 issuing out of said
lot.

The rent was created by a lease from H. Webster Cole
to George A. Finch and Margaret B. Finch, his wife,
dated February 29th, 1916. On June 2nd, 1926, Finch
and his wife mortgaged their leasehold estate in the prop-
erty to the Park Mortgage & Ground Rent Company, and
by various mesne assignments all the right, title, and in-
terest in and to that mortgage became vested in the Sun
Mortgage Company, which on January 16th, 1934, as-
signed it to the Home Owners' Loan Corporation, the
appellee. So that when this suit was docketed, Mildred
W. Hart, the appellant, owned the reversion, Finch and
his wife owned the leasehold, and the Home Owners' Loan
Corporation owned the mortgage.

On November 29th, 1927, the mortgage being then in
default, foreclosure proceedings were filed in the Circuit
Court of Baltimore City, in which on the same day a
decree was entered, and on January 17th, 1934, that de-
cree was entered to the use of the appellee.

After it acquired the mortgage, but before this suit, two
installments of rent became due, and remain unpaid, al-
though demand was made upon the appellee for the pay-
ment thereof. Thereupon the appellant filed in Circuit
Court No. 2 of Baltimore City her bill of complaint

against the appellee, in which she prayed (1) that it be required to pay to her a sum of money equal to the installments of rent then due on the property and any taxes or public charges then due, and (2) that it be required to pay to her, her heirs or assigns, a sum of money equal to the installments of rent and any taxes or other public charges assessed against the property, when and as the same became due in the future. The appellee demurred to the bill for a want of equity, the court sustained the demurrer without leave to amend, and this appeal is from that order.

The only question which the appeal presents is whether the appellant's claim may be enforced in a court of equity.

In addition to the facts stated above, the appellant alleged in her bill that numerous judgments have been recovered against Finch, that the leasehold is subject to two mortgages junior to that held by the appellee, that Margaret Finch is entirely dependent upon her husband for support, and that he is financially irresponsible.

It has long been the settled law of this state that the holder of a mortgage on leasehold property is, where the mortgage contains no provision for a redemise, and, from the date of any default by the mortgagor in the covenants of the mortgage where it does contain such a provision, bound by all the covenants in the lease which run with the land, including covenants to pay rent and taxes. *Williams v. Safe Deposit & Trust Co.*, 167 Md. 499, 175 A. 331, and cases cited therein. The lessor may bring an action at law, against the person in whom title to the mortgage is vested, for any rent which may have become due and payable under the lease during the period in which the title was so vested in him, to recover such unpaid rent, if during that period the mortgage was in default *(Williams v. Safe Deposit & Trust Co., supra)*, but he cannot bring such an action against a former holder of the mortgage, for rent so accruing while he owned the mortgage, after the holder has parted with his title to it, but, in such a case, he must sue in equity. *Wil-*

liams v. Safe Deposit & Trust Co., supra. These principles are so firmly established, and so clearly stated in the case last cited, that no further citation of authority is required to support them.

The mortgage in this case does contain a provision that until default the mortgagors shall have possession of the property, and the appellant in her bill alleges that the mortgage was in default on November 29th, 1927, that it was in default while held by the appellee, that a decree for the sale of the mortgaged property was entered on November 29th, 1927, and from those allegations it may be presumed that it was in default when the bill of complaint in this case was filed.

The appellee owned the mortgage when the two installments of rent became due and it owned it at the time this suit was instituted. It is conceded that it had not prior to that time assigned the mortgage or transferred its title to it to any other person, so that, unless the decree in the mortgage foreclosure proceeding had the effect of divesting the title of the mortgagee or its assignees, the legal title thereto was in the appellee. There is nothing in the record to suggest that the decree had any such effect, and if it be inferred that the decree was passed under the authority of section 720 of the Baltimore City Charter, and no other inference is permitted, it could have had no such effect. A trustee appointed under that authority takes no title to the mortgage, but is a mere agent or trustee of the court to effect a sale of the mortgaged property (Mizen v. Thomas, 156 Md. 313, 320, 144 A. 479), and the title to the mortgage remains in the mortgagee or its assigns, after, as it was before, the decree. Such an office is analogous to that of a receiver or other similar official appointed to carry out the court's decree, its nature is determined by the duties annexed to it, and they are prescribed by the statute. In such a case the court is the real actor, the trustee but its agent, and sales by him are transactions between the court and the purchaser. Bolgiano v. Cooke, 19 Md. 375; Sewall v. Costigan, 1 Md. Ch. 208; Iglehart v. Armiger, 1 Bland, 519;

*Clark on Receivers,* secs. 767, 482. The assent contained in the mortgage merely provides a method of subjecting the land to the payment of the mortgage debt, but has no effect upon the title to the mortgage. The trustee does, it is true, convey to a purchaser all the mortgagee's interest in the mortgaged property, but not his title to the mortgage, which remains in the mortgagee until extinguished by the act of the parties or operation of law.

Since therefore the title to the mortgage was in the mortgagee when this suit was brought, the appellant, for any breach of the covenant to pay rent contained in the lease, could have brought an action in ejectment against Finch and his wife, the lessees, or an action on the covenant against the appellee. *Hintze v. Thomas,* 7 Md. 346; *Mayhew v. Hardesty,* 8 Md. 479, 495; *Donelson v. Polk,* 64 Md. 501, 2 A. 824; *Gibbs v. Didier,* 125 Md. 486, 492, 94 A. 100; *Lester v. Hardesty,* 29 Md. 50. These legal remedies being ample, adequate, and complete, excluded the jurisdiction of a court of equity. *Fingles v. Singer,* 139 Md. 535, 115 A. 795; 21 *C. J.* 37. "It is a rule subject to few exceptions that where the complainant can have as effectual and complete a remedy in a court of law as in a court of equity, and that remedy is direct, certain and adequate, a demurrer, which is in truth a demurrer to the jurisdiction of the court, will hold" *(Fletcher's Eq. Pl. & Pr.* sec. 208), unless, as appellant contends, the intervention of a court of equity was necessary to prevent a multiplicity of suits. But no reason is advanced for the apprehension that a multiplicity of suits will be required to enforce the appellant's rights under the lease. It is suggested that the long delay in prosecuting the foreclosure proceeding to a conclusion indicates that the mortgagee does not desire to sell the property, but, assuming that that is true, its only effect is to give to the appellant a right to demand the rent of the appellee, the assignee of the term, and there is no reason, unless she so desires, why she should sue the original lessee, who she says is utterly irresponsible financially, rather than the appellee,

which is responsible. And in either case she is in no different case from any other landlord seeking to enforce a covenant to pay rent, and the fact that the tenant or his assignee may default in future payments of rent, and that she may in the future be required to sue to recover them, has not been regarded as sufficient to give a court of equity jurisdiction to compel the payment of rent which has not accrued, to prevent a multiplicity of suits.

It is further suggested that if taxes assessed against the property are not paid, appellant's reversion may be sold for such nonpayment, and that the law affords no adequate remedy for loss resulting from such a contingency, but there is no averment that any taxes assessed against the property are unpaid, and the notion that a court of equity has the jurisdiction to order the mortgagee or its assigns to pay taxes which have not accrued is not only novel, but wholly inconsistent with any recognized principle of law or equity, and is supported by no precedent to which our attention has been directed. Appellant also intimates that her legal remedies are inadequate because the original lessees are financially irresponsible, and because high assessments and tax rates make the ownership of real property a liability rather than an asset. While these unfortunate conditions may explain a not unnatural yearning for a remedy which will require a responsible and satisfactory assignee of the term to pay in perpetuity rent and taxes on a property which may become a liability, they are not in themselves sufficient to convert what is essentially a strictly legal remedy into an equitable remedy.

It follows that the order from which this appeal was taken must be affirmed.

*Order affirmed, with costs.*