# BALTIMORE CITY COURT

Filed January 11, 1897.

THE WRITING TELEGRAPH COMPANY OF BALTIMORE CITY

VS.

JOSEPH B. SETH, ADMINISTRATOR OF THOMAS S. RHETT.

*Richard S. Culbreth* for motion.

*Arthur Stewart* and *Ward B. Coe* against motion.

PHELPS, J.—

The proceedings herein have been so anomalous that it is difficult to properly entitle the case, so far as concerns the party defendant. The above caption is to be understood as simply representing the last phase in the chapter of accidents to be now considered, and the main question before the Court is whether the caption shall be allowed to stand.

Suit was instituted by titling on the 5th day of May, 1893, by the above-named plaintiff against Thomas S. Rhett, trustee. The nar., filed a few days later, describes the defendant as "trustee in the case of Lee et al. vs. Carter et al. in the Circuit Court of Baltimore City, docket I, folio 183," and then goes on to declare upon the breach of a contract of renting certain premises described. No order of the Court is alleged, authorizing the trustee to bind the estate by any such contract, or purporting to limit his personal liabilities upon the same. It is not even alleged that the premises in question constituted any part of the trust estate, nor that the contract was in any way for the benefit of the estate.

Upon the face of this declaration, therefore, the words descriptive of the defendant as a trustee, are to be taken simply as *designatio personae.* They may be rejected as surplusage. It is perfectly clear that such a suit is a suit against the defendant in his individual capacity.

Gill vs. Carmine, 55 Md. 339, 342.

Shortly after the filing of this declaration, the defendant entered a demurrer, and nothing more appears to have been done until the 7th of May, 1895, nearly two years having elapsed. Upon that day the plaintiff came in and suggested the defendant's death, but instead of asking to have the defendants personal representative summoned, the plaintiff named R. S. Andrews as the "successor" in the trust, and had Andrews, trustee, summoned.

This step is now admitted to have been a mistake of law. It is not necessary to decide, but for all the purposes of this case, it may be conceded, that the mistake might have been promptly corrected upon timely application made, and the name of Andrews, trustee, stricken out as erroneously substituted, and the personal representative of the deceased defendant Rhett made party defendant.

More than sixteen months, however, were allowed to elapse before any effort was made to correct this mistake, and then, so late as the 24th September, 1896, the defendant having in the meantime withdrawn his demurrer and put in pleas, the plaintiff filed a petition praying leave to amend its declaration by striking out the amendments heretofore made, to wit: the substitution of said R. Snowden Andrews, trustee, in the place of the said Rhett, and by striking out the words "in the case of Lee et al. vs. Carter et al., in the

Circuit Court of Baltimore, docket 1, folio 133, &c.," and also by striking out the words "trustee" after the name of the original defendant, Rhett, and to substitute Joseph B. Seth, administrator c. t. a. of said Thomas S. Rhett, as defendant to the action.

Upon the same day an order of Court was passed accordingly, and this order the defendant now moves to strike out. This motion has been argued and is now to be disposed of.

The order was obtained ex parte, without notice to the other side.

It is well understood that all such ex parte orders are obtained at the risk of the applicant; no prejudice is worked to the other side and no advantage gained by the taker, if any such order turns out, upon examination, to have been improvidently passed, in other words, such an order as would not have been passed after proper notice and hearing.

And therefore the question is presented in precisely the same shape as it would have been at the time of the passage of the ex parte order. The onus is upon the plaintiff to show that the ex parte order was in every respect a proper order to be passed.

It is now claimed by the defendant that the effect of the order in question is to make an entire new party, contrary to Section 40 of Article 75 of the Code, which provides that "in amendments for non-joinder or misjoinder, entire new parties, either plaintiff or defendant, cannot be introduced, but some one of the original plaintiffs, and some one of the original defendants must remain parties to the action; and in no case of amendment can entire new parties, either plaintiff or defendant, be made."

The "original" party defendant is dead. The party who came in by substitution in his place was Andrews, trustee, who was made to stand in the shoes of the original defendant, and is therefore to be regarded as himself the "original" defendant within the meaning of the Code, relatively to any proposed substitute. At the time the ex parte order was obtained, and continuously during more than sixteen months prior thereto, it is undisputed that the only defendant in Court was Andrews, trustee. To substitute in place of Andrews, trustee, the name of Seth, administrator, is to effect an amendment

of an "entirely new party," which is explicitly forbidden by statute.

Wright vs. Gilbert, 51 Md. 146.

Against this, attention is called by the plaintiff to the form of his application which is not directly and in terms to substitute as a defendant "Seth, administrator of Rhett," for "Andrews, trustee, successor to Rhett," but rather to strike out an erroneous amendment making Andrews trustee, the defendant, so as to clear the docket of him altogether, and thus leave the case standing against the original deceased defendant, Rhett, and in condition, upon suggestion of his death, to call in Rhett's administrator. As already intimated, it might for the purposes of this case be conceded that this view would have been taken had timely application been made to correct the error. In considering these questions of amendment, Courts of law give effect to equitable principles. It is well established that there may be laches in the failure to prosecute with diligence a suit actually commenced, as well as by delay in commencing a suit.

Johnston vs. Standard, 148 U. S. 360.
Dey vs. Hathaway, 41 N. J. Eq. 419.
Lebring vs. Lebring, 43 N. J. Eq. 59.

In this case, to say nothing of the lapse of nearly two years, during which the plaintiff slept upon the defendant's demurrer, a delay which brought forth only the mistaken amendment of 7th of May, 1895, the plaintiff continued to sleep upon that mistake term after term, as already stated, for more than sixteen months, before any effort was made to correct it. And for this long delay there is offered not one word of explanation.

In the meantime the administrator of Rhett had acquired the right to presume and to repose upon the belief that all idea of holding Rhett's estate in this action had been definitely abandoned, and the further right to act upon that belief.

Practically, therefore, the plaintiff's action and non-action has been to work a discontinuance of the suit as to Rhett's estate. To quote the expression of my brother Ritchie, in consultation upon this somewhat eccentric case, the effect of all that the plaintiff has done and not done has been to "let out" Rhett's administrator.

It is sufficient to say that whatever may be the form of the plaintiff's application for amendment, in substance and practically its effect is to accomplish precisely what is expressly forbidden by the statutory provision referred to.

The motion to strike out the ex parte order must therefore prevail.